STATE v. N. G. WALKER.

(Filed 11 December, 1907).

1. **Jurors—Challenge—Array.**
    It is not a challenge to the array for the Solicitor to ask, "if any member of the jury had formed and expressed the opinion that the prisoner was not guilty, to let it be known."

2. **Manslaughter—Evidence—Charge—Question for Court.**
    When the evidence tends to show that, without provocation from deceased, the prisoner challenged the deceased, "Don't you come on; if you do, I will kill you," and repeated the challenge, the deceased cursed the prisoner and said, "You will have to do it, for I am coming"; that deceased drew his knife, but made no motion or offer to strike, was six feet away and too far to strike; that the prisoner fired his pistol and killed the deceased, the defendant cannot complain that the court below charged the jury, if they found the evidence to be true, to return a verdict of manslaughter.

WALKER and HOKE, JJ., dissenting.

CRIMINAL ACTION, under an indictment for murder, tried before *Guion, J.,* and a jury, at Spring Term, 1907, of the Superior Court of POLK County.

From judgment defendant appealed.

*Assistant Attorney-General Clement* for the State.
*J. E. Shipman* for defendant.

CLARK, C. J. The Solicitor asked that, "if any member of the jury had formed and expressed the opinion that the prisoner was not guilty, to let it be known." No juror answer-

ing thereto, the prisoner thereupon admits the cause as a challenge to the array. The Court properly held that this was not a challenge to the array by the Solicitor.

The other exceptions may be disposed of by considering the fifth exception, which embraces all that is presented by the others. This exception is to the following charge: "The Court, after reading the evidence, charged the jury that, from the entire evidence, the defendant had rebutted the presumption of malice and was not guilty of murder in the second degree; that in no aspect of the case does the evidence justify a verdict of not guilty, and upon the whole evidence offered by the State, if believed by you, and if the facts are found to be true and believed, you will return a verdict of guilty of manslaughter."

There was no conflict of evidence, which, omitting unessential details, is that the deceased and prisoner were at a disorderly house, which the prisoner had entered first. The deceased asked prisoner why he had not opened the door for him to come in. The prisoner replied it was not his door. The deceased was standing by the fireplace, with his hands in his pockets; the prisoner was facing him, six feet away, and with an open door two or three feet away at his back. There had been no quarrel between the men, and the deceased was making no movement towards the prisoner, when the latter said to the deceased: "Don't you come on me; if you do, I'll kill you." He said this a second time, whereupon the deceased pulled a penknife out of his pocket and half opened it, and said: "D——n you, you will have it to do, for I am coming." The deceased did not advance his body, but put forward one of his feet. The prisoner at the instant drew his pistol and fired, killing the deceased instantly.

The killing with a deadly weapon being shown, the law presumes malice, and the burden of proving matter in mitigation is upon the prisoner. The Court having held that the presumption of malice was rebutted, the State, under our present

statute, cannot except, and that matter is not before us.    The witnesses testified that there was no offer to strike made by the deceased, and that he was not near enough to reach the prisoner if he had done so.    As the only two witnesses who give the distance between the men place it at six feet, this is apparent.    A third witness states, without giving an estimate of distance, that they were close together, but she says one was at the fireplace and the other was at the door, and the house was 12 by 14 feet, and shows no offer to strike by deceased. There was an open door immediately behind the prisoner. The burden to show self-defense was on the prisoner.    There was here no evidence sufficient to go to the jury tending to show self-defense.    The prisoner, without previous provocation, challenges deceased to "come on him"; he repeats the challenge, the deceased still standing by the fire, with his hands in his pockets.    When the deceased draws a penknife and expresses his intention to accept the challenge, the prisoner, before the deceased moves his body forward (and it is not shown that he would have moved, though he said "I am coming"), and when the deceased had made no motion or offer to strike, and was six feet away—indeed, too far away to strike with his penknife if he had so wished—the prisoner fires his pistol and kills.    There was an open door behind, through which the prisoner might have retreated.    He was not pushed to the wall.    He provoked the drawing of the penknife.    He used excessive force—a pistol against a penknife six feet away.    He did not kill to save himself from imminent bodily peril.    He fought willingly.    He was at least guilty of manslaughter.    The Court could properly have left it to the jury to find whether the prisoner was not guilty of a greater offense.    *State v. Gentry,* 125 N. C., 733; *State v. Hunt,* 128 N. C., 587.    Certainly it was not error to charge that the evidence, if believed, did not show a killing in self-defense.

In *State v. Kennedy,* 91 N. C., 572, the deceased was ten feet away, with a brickbat, about to throw it (which was in

striking distance), and the prisoner told him not to come on; the deceased advanced, and the prisoner fired. This Court held: "If, so situated that he could escape, he preferred to shoot rather than escape, then he would be at least guilty of manslaughter." "If two persons, upon a sudden quarrel, fight, and one kills the other, it is voluntary manslaughter." *State v. Floyd,* 51 N. C., 392. The prisoner certainly cannot claim more than that. Indeed, the deceased did no fighting, made no offer to strike, and was not even in striking distance, and there was a disparity of force—a pistol against a half-opened penknife six feet away.

There is no error of which the prisoner can complain.

No Error.

WALKER and HOKE, JJ., dissent.