STATE v. BERRY DUNLAP.

(Filed 22 December, 1908).

1. **Manslaughter—Evidence—Self Defense—Character of Deceased.**
    In a trial under an indictment for murder, evidence of the dangerous or violent *character* of *deceased* is inadmissible when there is no evidence of self-defense.

2. **Manslaughter—Evidence—Self Defense—Instructions.**
    When there is no evidence that deceased was armed in the voluntary fight with the prisoner which resulted in his death, and evidence that the prisoner was warned not to. kill deceased, but after a few minutes' fighting the prisoner shot and killed him, there is no error in the charge of the trial Judge that there was no evidence of self-defense.

INDICTMENT for murder, tried before *Peebles, J.,* and a jury, July Term, 1907, of SWAIN.

The solicitor announced that the State would not ask for a verdict of murder in the first degree. The defendant was convicted of manslaughter, was sentenced to three years' imprisonment in the State's prison, and appealed.

*Assistant Attorney-General Hayden Clement* for the State.
*J. Frank Ray, Walter E. Moore* and *Alley E. Picklesimer* for defendant.

PER CURIAM. There are only two exceptions presented in the record. The first was taken to the ruling of the Court excluding evidence of the deceased as a dangerous and violent man. The second was to the charge of the Court that there was no evidence of self-defence. If the last ruling is correct, the first is necessarily so.

The only evidence in the record is the testimony of the State's witnesses, which tends to prove that the encounter in which the prisoner killed the deceased was voluntary upon the part of both; that the prisoner invited the deceased to alight from his horse for the purpose of entering into the

fight; that after they were clinched the witnesses several times warned prisoner not to shoot deceased, and told prisoner that it was unnecessary, but after two or three minutes of fighting the prisoner shot the deceased and killed him.

The evidence is clear that deceased was unarmed in the fight, as the brass knucks, the only weapon found on his person, were in his pocket under a bag of candy, and evidently had not been taken out during the fight. The authorities all sustain the ruling of the Court below. *State v. Medlin,* 126 N. C., 1127; *State v. Byrd,* 121 N. C., 684; *State v. Booker,* 123 N. C., 713; *State v. Exum,* 138 N. C., 602; *State v. Walker,* 145 N. C., 567.

Affirmed.