## STATE v. FRED DEATON.

### (Filed 8 May, 1946.)

**1. Homicide § 27c: Criminal Law § 81c—**

The use of the phrase "premeditation *or* deliberation" in the charge *held* not prejudicial error in view of the fact that immediately thereafter the court repeatedly and correctly instructed the jury that both these elements were essential for a conviction of first degree murder.

**2. Homicide § 27f—**

Where the State's evidence tends to show a deliberate, premeditated killing with a deadly weapon, and there is no evidence in the case constituting any basis that the killing was in self-defense, defendant having offered no evidence, the failure of the court to instruct the jury upon the right of self-defense will not be held for error.

APPEAL by defendant from *Sink, J.,* at October Term, 1945, of GASTON.

The defendant was tried for and convicted of the first degree murder of Walt A. Clark, and was sentenced to death by asphyxiation. From the judgment imposed the defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*

*Ernest R. Warren and O. A. Warren for defendant, appellant.*

SCHENCK, J. At the outset of the defendant's brief it is stated that "all exceptions are abandoned except Exceptions Numbers Four and Five."

Exception No. 4 is to that portion of his Honor's charge which reads: "Now, gentlemen of the jury, intoxication is no excuse for crime by erasing a specific intent, and I charge you, as I have heretofore, a specific intent is essential to conviction of crime of murder in the first degree, is essential to the criminality of the action or there must be premeditation or deliberation as to which terms have been defined to you as some mental process of the kind in order to determine the degree of the crime."

The defendant in his brief states that: "Both premeditation and deliberation are essential elements of the crime of first degree murder, and to instruct the jury that it was only necessary to prove one of the necessary elements of first degree murder was error," still the State contends that while the court may have inadvertently used the alternative "or" instead of the conjunction "and" between the words "premeditation" and "deliberation," that any error committed by such inadvertence was cured in subsequent portions of the charge. It is true that following the portion of the charge assailed his Honor did several times instruct the

jury correctly, telling them that both premeditation and deliberation were essential elements of the offense, and, in effect, must each be proven by the State beyond a reasonable doubt to sustain a conviction of first degree murder. In view of the fact that the error assailed was later corrected by unmistakable words, we perceive no harm as having come to the defendant in this respect, and since we are therefore of the opinion that the objection is without merit, it can avail the appellant nothing. *S. v. Rogers,* 216 N. C., 731, 6 S. E. (2d), 499, and cases there cited.

Exception No. 5 in the Assignments of Error is in the following language, to wit: "The defendant excepts for that His Honor, the Trial Judge, in giving the foregoing charge did not state in a plain and correct manner the evidence given in the case as to the right of self defense, and did not declare and explain the law arising thereon, as provided by G. S., 1-180."

The evidence, if believed, does not disclose any facts which would support a charge on the right of self-defense. Notwithstanding the fact that the burden of showing matters in mitigation of the presumption of at least murder in the second degree arising from the intentional killing with a deadly weapon rested upon him, the defendant did not offer any evidence, electing to rest his fate upon the evidence of the State. The testimony of the State's witnesses, who were in the cafe at the time of the fatal shooting of the deceased by the defendant, tended to show not a word was spoken between the defendant and deceased, and all the evidence tended to show the defendant had procured the gun from the wife of a neighbor and gone directly to where the deceased was, and shot him without warning of any kind, and that defendant had said before the shooting that "he was going to shoot him," although the witness did not know to whom the defendant referred, and that the defendant a few minutes later, after Clark had been shot, came back and said, "I got him." Since we find nothing in the evidence whereon to base a charge on the right of self-defense, the absence of such a charge cannot be held for reversible error.

No error.