## STATE v. FRED JACKSON.
## STATE v. BRIGHT BLACKWELL.

(Filed 27 November, 1946.)

**1. Criminal Law § 52a—**

Failure to demur to the evidence, G. S., 15-173, concedes its sufficiency to sustain the charge.

**2. Assault § 14b—**

The evidence in this case is held not to require the court, without a special prayer, to charge the law of self-defense, defense of property or the right of the proprietor of a public place to quell a disturbance thereon.

**3. Criminal Law § 77b—**

Where indictments relating to one offense against several defendants are properly consolidated for trial, only one record should be filed on the appeals of defendants. Rule of Practice in the Supreme Court No. 19 (2).

STATE *v.* JACKSON; STATE *v.* BLACKWELL.

APPEAL · by defendants from *Clement, J.,* at April Term, 1946, of GASTON.

Criminal prosecution on indictments charging felonious assaults, heard on the lesser charge of assault with a deadly weapon, consolidated for trial.

Defendant Jackson operates a fish camp near Crowder's Mountain in Gaston County. On the night of 20 January, 1946, Fleece Heafner and Harry Taylor, accompanied by two women, went to his place, ordered a meal and were served. After they finished, defendant Blackwell induced Heafner to engage in a game of poker. A dispute arose in which Heafner accused Jackson of passing a card to Blackwell. Heafner and Blackwell both grabbed the money in the pot. The evidence for the State tends to show that Blackwell struck Heafner, a scuffle ensued, and Blackwell and Jackson struck Heafner with blackjacks. After he was "down and out" Jackson stomped him and Blackwell hit him with a 2x4. He was seriously injured. At the time, he had about $300 in his pockets which he missed when he "came to."

After Heafner became unconscious and was carried out, Taylor offered to pay what Heafner owed, and Jackson assaulted him with a blackjack.

Blackwell admits he struck Heafner but denies he used a blackjack or a 2x4. Jackson denies he used any weapon. He testified that when Blackwell and Heafner began to fight he grabbed Taylor and "pushed them out." After Jackson was arrested and released on bond he departed for Florida where he was later apprehended.

There was a verdict of guilty of an assault with a deadly weapon on each bill of indictment. The court pronounced judgment and defendants appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*J. L. Hamme for defendant appellant Jackson.*

*Ernest R. Warren and P. C. Froneberger for defendant appellant Blackwell.*

BARNHILL, J. The evidence in this case tends to disclose a brawl in a common fish camp dive, following a game of poker, in which Jackson assaulted both Heafner and Taylor with a blackjack, and Blackwell assaulted Heafner with a blackjack and a 2x4. As the defendants did not demur under G. S., 15-173, it is concededly sufficient to sustain the charge.

There is no testimony in the record tending to show that Jackson fought in self-defense or in defense of his property or to quell a dis-

turbance such as would require the court, without special prayer, to explain the law applicable to his right to do so.

The other exceptions are without substantial merit. As they present no new or novel question of law we need not discuss them.

The three indictments returned by the grand jury relate to one assault in which it is alleged the defendants acted in concert. The court below properly consolidated for trial. Yet the appeals are brought here on separate records, *Conley v. Pearce-Young-Angel Co.,* 224 N. C., 211, 29 S. E. (2d), 740, which merely renders it more difficult for us to consider the merits of the case. We again call attention to the rule, Rule 19 (2), Practice in the Supreme Court, 221 N. C., 554, which was adopted for a purpose. It should be observed by counsel.

In the trial below we find

No error.