STATE v. EARL THOMAS PETTIFORD.

(Filed 15 January, 1954.)

**Assault §§ 9a, 14b—Evidence held not to require submission of issue of self-defense to the jury.**

The evidence favorable to defendant tended to show that after an altercation at defendant's house defendant told the prosecuting witness to leave and not return, that sometime later the prosecuting witness returned in company with defendant's cousin, that they knocked on the door and were

admitted by defendant's sister-in-law, that they asked where defendant was, that defendant called from the bedroom "You all have a seat, I will be in there after a while," whereupon prosecuting witness pushed defendant's wife aside and both he and his companion went to the bedroom door where, without further exchange of words, they were fired upon by the defendant from within. There was no evidence that the prosecuting witness or his companion were armed. *Held:* The evidence fails to show that defendant was acting within the permissive bounds of the principles of self-defense or defense of family or home, or facts sufficient to invoke the right of defendant to eject a trespasser as applicable to the law of self-defense, and therefore it was not error for the court to fail to charge on these principles or submit the issue of self-defense to the jury.

APPEAL by defendant from *Morris, J.,* and a jury, at April Term, 1953, of PERSON.

Criminal prosecution tried on appeal from County Recorder's Court on a warrant charging the defendant with assault with a deadly weapon upon one Jasper Pettiford.

The evidence of the State discloses that late on a Sunday afternoon the defendant met State's witness Otis Cameron at a service station and asked Cameron to carry him home. Cameron did so, and on arriving at the defendant's home was given a drink of whiskey. Shortly thereafter the defendant borrowed Cameron's car and went to a nearby grocery store. Cameron remained at the home with the defendant's wife and her sister. When the defendant returned his wife accused Cameron of making an improper proposal to her. The defendant asked Cameron if this was true. Cameron denied it, and according to his testimony there was no argument or ill-will engendered by the incident. Cameron testified : "We didn't have any words about it; . . . he didn't tell me to leave; he didn't tell me not to come back to his house." But shortly afterwards Cameron was given another drink and he then left.

After leaving the house, Cameron met Jasper Pettiford, a cousin of the defendant, and they decided to return to the defendant's home for a drink. They did so, and according to the witness Jasper Pettiford, they knocked on the door and the defendant's wife invited them in. They entered and as this witness reached the middle of the front room, the defendant fired with a shotgun from the darkness of an adjoining bedroom. Cameron was in front; he had just asked the defendant's wife where the defendant was and she had said he was in the other room. The shot was fired just as Cameron started into the other room, and both State's witnesses testified there was no argument or further exchange of words between them and the defendant before the shot was fired. Both Cameron and Jasper Pettiford were wounded in the legs by the blast.

The defendant did not go upon the stand. His wife, testifying in his behalf, stated that when Cameron went to her home the first time that

afternoon he made an improper proposal to her while her husband was away at the store. When he returned, she told him about it, and he ordered Cameron "to get out of his house and not come back . . . any more." Cameron left immediately. She stated that an hour or so later she heard a knock on the door. Her sister answered it and opened the door. Cameron and Jasper Pettiford came in. Jasper asked where her husband was. The defendant answered from the bedroom : "You all have a seat, I will be in there after a while." Whereupon, Cameron pushed her aside and both he and Jasper went on "in the bedroom door . . . and that's when they got shot." She said her husband "didn't give Otis Cameron a drink that day."

There was no evidence indicating that Cameron or Jasper were armed at the time of the shooting.

The jury returned a verdict of guilty as charged. From judgment pronounced, imposing penal servitude of twelve months, the defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*D. Emerson Scarborough for defendant, appellant.*

JOHNSON, J. The defendant places chief stress on his exceptions (1) to the refusal of the court to submit to the jury the issue of self-defense, and (2) to the failure of the court to charge as to one's right to remove a trespasser from his home.

There is no evidence in the record upon which to base a reasonable inference that the defendant in firing the blast was acting within the permissive bounds of the principles of law governing the rights of a person to fight in self-defense or in defense of his family or home. See *S. v. Matthews,* 78 N.C. 523; *S. v. Barrett,* 132 N.C. 1005, 43 S.E. 832; *S. v. Glenn,* 198 N.C. 79, 150 S.E. 663; *S. v. Bryant,* 213 N.C. 752, 197 S.E. 530.

Nor does the record disclose any evidence which brings into focus the defendant's legal rights in respect to the removal of a trespasser, as applicable in the law of self-defense. There is no evidence that Jasper Pettiford was ever asked to leave the defendant's home, or that Otis Cameron was asked to leave on the occasion of his second visit. According to the defendant's evidence, both visitors were invited into his house by a member of his household. Following this, the defendant asked them to be seated. On this record, they had no intimation from the defendant that they were not welcome until they were fired upon from a dark room. The court rightly refrained from discussing the principles of law respecting the eviction of a trespasser. See *S. v. Goodson,* 235 N.C. 177, 69 S.E. 2d

242; *S. v. Spruill*, 225 N.C. 356, 34 S.E. 2d 142; *S. v. Roddey*, 219 N.C. 532, 14 S.E. 2d 526.

Similarly the court properly refused to submit the issue of self-defense. *S. v. Deaton*, 226 N.C. 348, 38 S.E. 2d 81; *S. v. Davis*, 223 N.C. 381, 26 S.E. 2d 869; *S. v. Dunlap*, 149 N.C. 550, 63 S.E. 164.

We have examined the rest of the defendant's assignments of error and find them to be without substantial merit. Prejudicial error, as distinguished from harmless error (*S. v. Rainey*, 236 N.C. 738, 74 S.E. 2d 39), has not been made to appear. The verdict and judgment below will be upheld.

No error.