## STATE v. CHARLES HILL.

### (Filed 15 December, 1965.)

**1. Assault and Battery § 1—**

Whether the victim is "put in fear" is inapposite when there is an actual battery.

**2. Criminal Law § 154—**

Mere notation of an exception after the completion of the examination of the State's witness and again after completion of the cross-examination by counsel of another defendant is insufficient to support an assignment of error upon the asserted ground that the court refused to allow appealing defendant to cross-examine the witness.

**3. Criminal Law § 162—**

The asserted refusal of the court to permit one defendant to cross-examine the State's witness will not be held for prejudicial error when the record discloses that counsel for another defendant was allowed full cross-examination of the witness which enured to the benefit of each of defendants, and it appears that all witnesses were fully examined and cross-examined and all features of the case fully developed.

**4. Criminal Law § 156—**

An assignment of error to the failure of the court to charge upon a specified aspect of the case should be supported by a statement of the instructions which appellant considers appropriate in relation to the facts in evidence.

**5. Assault and Battery § 2—**

Evidence tending to show that appealing defendant struck the prosecuting witness with a brick after the co-defendants had assaulted the prosecuting witness and he had turned to leave the scene in a disabled condition, fails to raise the question of self-defense.

APPEAL by defendant Charles Hill from *McLaughlin, J.,* May 3, 1965, Criminal Session, GUILFORD Superior Court, High Point Division.

Criminal prosecution on a warrant charging that Charles Hill on February 13, 1965, "did willfully and unlawfully assault Jackie Hiatt with a deadly weapon, to wit: an ax handle, wood sticks, and brickbats, by striking him about the head with the said weapons, inflicting lacerations, requiring 14 stitches to close the wounds," etc., tried *de novo* in the superior court after appeal by Charles Hill from conviction and judgment in the Municipal Court of the City of High Point.

The trial judge, in beginning his charge, stated that "the defendants, Charles Hill, John Hill, and Danny Linthicum, are charged with assault with a deadly weapon, to wit: ax handle, wood sticks, bricks, on the person of one Jackie Hiatt, on or about the thirteenth

day of February, 1965." The three cases, based on separate warrants, had been consolidated for trial.

The evidential facts narrated below are sufficient for an understanding of the questions raised and decided on this appeal.

On Saturday, February 13, 1965, about 8:30 p.m., Jackie Hiatt was driving his automobile in a northerly direction on Main Street in the City of High Point. An automobile operated by defendant Danny Linthicum approached Hiatt's car from the rear. Defendants Charles Hill and John Hill, also Danny Hill, Betty Ann Gayle and Betty Armstrong, were passengers in the Linthicum car.

The Linthicum car had traveled close behind the Hiatt car for "about two blocks," when Hiatt pulled to the right and stopped. Linthicum stopped behind Hiatt. Hiatt got out of his car. Linthicum and John Hill got out of the Linthicum car. Hiatt accused Linthicum of taunting him by deliberately and frequently driving up to his rear bumper and then backing off. Linthicum and John Hill accused Hiatt of taunting them by unnecessarily and frequently applying his brakes in such manner as to require Linthicum to apply his brakes suddenly in order to avoid a collision. The conflicting contentions were stressed by cursings and other abusive language. Linthicum testified Hiatt wanted to start a fight; that he (Linthicum) told Hiatt "there wasn't going to be any fight on Main Street"; and that he told Hiatt he (Linthicum) was going to Moffitt Drive.

When the verbal exchange on Main Street ended, Linthicum pulled in front of Hiatt. As he passed, so Hiatt testified, Hiatt was challenged to come on and follow the Linthicum car. (Note: As to this, there was conflicting evidence.) Hiatt, who weighs 240 pounds and whose height is six feet, four inches, "was not afraid of these other fellows" and followed the Linthicum car until it stopped on Welch Drive in front of Charles Hill's "plumbing business place." While Charles Hill's place of business fronts on Welch Drive, his residence fronts on Moffitt Drive. One house is between Charles Hill's residence and his place of business.

John Hill and Danny Hill, two of Charles Hill's sons, were 17 and 14 respectively. Linthicum was 19. The record is silent as to Hiatt's age and as to Charles Hill's age.

Hiatt stopped his car behind the Linthicum car. Hiatt had "followed them for the purpose of getting into a fight with them if necessary . . . was going to show them that (he) was not afraid of them."

According to Hiatt: "Danny got out of the car first and jerked off his shoe, and John came out second, the same way threatening

STATE *v.* HILL.

with a shoe. . . . Danny Linthicum had a club or an ax handle of some sort. Charles had a brickbat, and John had something, . . . they got between me and the car . . . all four were threatening me, really going to tear me up, the smallest one, which I didn't pay too much attention to, sneaked up behind me and he had a piece of pipe and struck me from behind with a piece of pipe and I fell forward. His name was Danny Hill, . . . And as I fell forward, John and Danny both struck me. *As yet, Mr. Charles Hill hasn't touched me and I was stunned right much,* I wasn't knocked out, but as I stood back up to face them all, none of them would come back on me again, . . . *so I was losing right much blood from the wounds on my head, and as I turned myself from the yard out in the main road, Charles Hill threw a brick and hit me in the back of the leg with it.*" (Our italics.)

According to Danny Hill: ". . . my father said he wanted to get out at the shop, so we stopped and started to let him out at the shop and he went over to the door, then Jackie got out and he had his shirt off and everything, and we got out of the car and walked back, and then we started arguing . . . I was standing a little bit to the left of Jackie, and he turned around with a backhand and slapped my glasses off me. When he did that, I went over to the shop and got a piece of pipe and came back and hit him in the head with it, then when I hit him he kind of stumbled, he got out and started running, and I threw a piece of pipe after him, I don't know if it hit him or not. Then he stopped up in the road and my daddy walked up to him and he said he shouldn't have knocked my glasses off. My daddy told Jackie he shouldn't of knocked my glasses off. When he did that, he hit my daddy and then he started running up to Johnny Long's house."

As to each of the three defendants, the jury returned a verdict of "Guilty of Simple Assault." The record contains no reference to judgments pronounced in the John Hill and Danny Linthicum cases. The appeal does not relate to those cases.

As to defendant Charles Hill, referred to in the opinion as appellant, the court pronounced judgment "that the defendant be assigned to work under the supervision of the State Prison Department for a period of thirty (30) days."

The verdict was returned and the judgment was pronounced on May 4, 1965.

Defendant Charles Hill excepted and appealed.

*Attorney General Bruton, Deputy Attorney General Lewis and Staff Attorney Hensey for the State.*
*Boyan & Wilson for defendant appellant.*

BOBBITT, J. Appellant contends the court erred (1) by refusing to nonsuit, (2) by failing to allow appellant to cross-examine the State's witnesses, and (3) by the court's failure to charge the jury as to the law of self-defense.

There was plenary evidence that appellant intentionally hit Hiatt with a brick. Appellant's contention that there was no assault because Hiatt was not put "in fear" is without merit. *S. v. Allen*, 245 N.C. 185, 95 S.E. 2d 526, relates to an entirely different factual situation. The court properly overruled appellant's motion for judgment as of nonsuit.

Appellant assigned as error "(t)he Court's failure to allow defendant the right of Cross-Examination as appears of record and as shown by defendant's Exceptions Nos. 1 (R. p. 17), 2 (R. p. 17), 3 (R. p. 21), 4 (R. p. 21), 5 (R. p. 22), 7 (R. p. 27), 8 (R. p. 27), 9 (R. p. 28) and 10 (R. p. 30)." Appellant's exceptions are insufficient to support the quoted assignment of error. As typical of all, we refer to the record references relating to Exceptions Nos. 1 and 2. The solicitor completed his direct examination of Hiatt. Thereupon, Louis J. Fisher, Esq., Attorney for Linthicum, cross-examined Hiatt at considerable length. At the conclusion of said cross-examination, there appears, without explanation, the following: "DEFENDANT'S EXCEPTION No. 1." Thereupon the solicitor conducted a redirect examination of Hiatt. At the conclusion thereof, there appears, without explanation, the following: "DEFENDANT'S EXCEPTION No. 2." The record does not indicate whether appellant requested or was offered or was denied the right of cross-examination in respect of any witness.

It does not appear that appellant was prejudiced by his failure to cross-examine witnesses. As indicated, Linthicum was represented by counsel; and the full cross-examination of the State's witnesses conducted by Linthicum's counsel was of equal benefit to all defendants. Neither appellant nor John Hill was represented by counsel. Appellant was not an indigent. Evidence offered by Linthicum under direct examination by Linthicum's counsel inured to the benefit of appellant. Moreover, appellant, while he did not testify, offered evidence, to wit, the testimony of John Hill and of Danny Hill, his sons, and conducted personally the direct examination of these witnesses. While there was much conflict in the testimony, it appears clearly all witnesses were fully examined and cross-examined and that all features of the case were fully developed.

Finally, appellant assigns as error "(t)he Court's failure to charge the jury as to what constitutes the Law of Self-Defense as

shown by defendant's Exception No. 14." No exception designated "defendant's Exception No. 14" appears in the record. Nor does the record show that appellant excepted in any manner to the court's failure to charge the jury "as to what constitutes the Law of Self-Defense." Appellant does not advise us, either by his assignment of error or by his brief, as to what instruction relating to the law of self-defense he considers appropriate in relation to the facts in evidence.

Moreover, appellant fails to show he was prejudiced by the court's charge. The court charged as follows: "Now, the State's evidence tends to show that Charles Hill hit the prosecuting witness, Mr. Hiatt, on this occasion with a brick, and that John Hill hit the prosecuting witness with a wooden stick, and that Danny Linthicum hit the prosecuting witness with a wooden stick." As to appellant, it is clear that the theory of the State's case was that appellant hit Hiatt with a brick after Hiatt had been assaulted by Danny Hill, John Hill and Linthicum and when Hiatt was leaving the scene of such assaults in a disabled condition. While appellant did not testify, the evidence offered in behalf of Linthicum and in behalf of appellant was to the effect appellant did not hit Hiatt with a brick or otherwise assault him. There was no evidence appellant acted in self-defense "such as would require the court, without special prayer, to explain the law applicable to his right to do so." *S. v. Jackson,* 226 N.C. 760, 40 S.E. 2d 417; *S. v. Pettiford,* 239 N.C. 301, 79 S.E. 2d 517.

Appellant having failed to show prejudicial error, the verdict and judgment will not be disturbed.

No error.