STATE OF NORTH CAROLINA v. WALLACE E. FOSTER

No. 7026SC176

(Filed 6 May 1970)

**1. Escape § 1— work release prisoner — wilful failure to return — sufficiency of evidence**

In this prosecution for escape by a prisoner on work release, evidence that defendant was transported to his job by prison bus on 16 November 1968, that he did not meet the bus that afternoon as he was supposed to do and did not return to the custody of the Department of Correction until July 1969, when he was returned from another state, *is held* sufficient to show that defendant failed to return to the appointed place and at the appointed time and, absent explanation, that such failure was wilful within the meaning of G.S. 148-45(b).

**2. Criminal Law § 97— introduction of additional evidence by State — discretion of court**

In this escape prosecution, the trial court did not abuse its discretion in permitting the State to introduce additional testimony after the State had rested and defendant had put on his evidence.

**3. Criminal Law § 112— failure to define reasonable doubt — absence of request**

In the absence of a request the trial court is not obligated to define reasonable doubt.

APPEAL by defendant from *Falls, J.,* 30 October 1969 "C" Session of MECKLENBURG Superior Court.

Defendant was charged in a valid bill of indictment with escape under G.S. 148-45(b). The evidence for the State tended to show that at the time of the escape defendant was assigned to Camp Green in Mecklenburg County and was participating in a work release program. He left Camp Green on 16 November 1968, with other prisoners by prison bus and was transported to his job. He did not meet the prison bus that afternoon as he was supposed to do and was not returned to the custody of the North Carolina Department of Correction until July 1969, when he was returned from South Carolina.

Defendant appealed from the imposition of a two-year sentence based on the jury's verdict of guilty.

*Attorney General Robert Morgan by Staff Attorney Jacob L. Safron for the State.*

*Hamel and Cannon by William F. Hamel for defendant appellant.*

MORRIS, J.

Defendant was charged under G.S. 148-45(b) which provides that any prisoner on the work release program "who shall fail to return to the custody of the North Carolina Department of Correction, shall be guilty of the crime of escape and subject to the provisions of subsection (a) of this section and shall be deemed an escapee." The statute further provides: "For the purpose of this subsection, escape is defined to include, but is not restricted to, wilful failure to return to an appointed place and at an appointed time as ordered."

[1] Defendant's first assignment of error raises the contention that it was error for the court to refuse defendant's motion for nonsuit, because the State failed to introduce evidence that he wilfully failed to return to custody. This contention is without merit and is overruled.

The evidence in this case that defendant, who was in prison and was on work release, left on 16 November 1968 and was "returned" from South Carolina in July 1969 is ample to show that he failed to return to the appointed place and at the appointed time. Moreover, absent explanation, this evidence was sufficient to show that such failure to return was wilful.

[2] By assignment of error No. 2 defendant contends that the court erred in permitting the State "to present further direct evidence dis-

BANKS v. BANKS

guised as rebuttal evidence after the State had rested." Defendant concedes that such action is within the discretion of the trial judge but contends that it is an abuse of that discretion to permit further direct evidence, under the guise of rebuttal, for the purpose of curing defects. The evidence was allowed after defendant had put on his evidence. No objection was made at the trial. The trial judge may in his discretion, reopen the case and admit additional testimony after the conclusion of the evidence and even, when the ends of justice require it, after argument of counsel or after the jury has retired. *State v. Perry,* 231 N.C. 467, 57 S.E. 2d 774 (1950); Stansbury, N.C. Evidence 2d (1963), Witnesses, § 24 at p. 44. This assignment of error is overruled.

[3] Defendant's third and last assignment of error is bottomed on the court's failure to define reasonable doubt clearly. However, defendant attempts to raise this objection on appeal without having tendered a request for specific instructions at the trial. In the absence of a request, the court is not obligated to define reasonable doubt. *State v. Hall,* 267 N.C. 90, 147 S.E. 2d 548 (1966).

No error.

MALLARD, C.J., and VAUGHN, J., concur.