STATE OF NORTH CAROLINA v. THOMAS WELLON LASSITER

No. 7318SC399

(Filed 23 May 1973)

**1. Criminal Law § 155.5— ineffective order extending time for docketing appeal**

In an assault and robbery case the trial judge was without authority to enter a second order extending the time to docket the record on appeal where the ninety-day period following the date of the judgment appealed from had already expired, and defendant's appeal was subject to dismissal; however, the Court on appeal treated it as a petition for certiorari, granted it, and considered the case on its merits. Rules 5 and 48, Rules of Practice in the Court of Appeals.

**2. Rape § 18; Robbery § 4— armed robbery — assault with intent to commit rape — sufficiency of evidence**

In a prosecution for armed robbery and assault with intent to commit rape, evidence was sufficient to withstand defendant's motions for nonsuit where it tended to show that defendant approached the ticket window of a movie house, displayed a gun and demanded money, then walked to the nearby college campus where he accosted a student, held a razor at her throat, threatened to kill her if she screamed and told her that he wanted to have intercourse with her.

**3. Criminal Law § 113— evidence competent for restricted purpose — no limiting instruction — no error**

The trial court did not err in failing to instruct that evidence of defendant's prior convictions for assault, breaking and entering, and forgery could be considered only for the limited purpose of impeaching his testimony where defendant at no time during the trial requested such limiting instruction.

**4. Criminal Law § 161— exceptions deemed abandoned**

Exceptions not set out in defendant's brief or supported by reason or argument are deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals.

**5. Rape § 6— lesser included offense — instructions proper**

In a prosecution charging defendant with assault with intent to commit rape, though the trial court did not instruct the jury that it must find that the victim was put in bodily fear before it could convict defendant of the lesser offense of assault with a deadly weapon, the trial court's instructions as to the factual findings necessary for conviction were correct since the evidence in this case disclosed an actual battery, rendering the question of whether the victim was put in fear inapposite.

APPEAL by defendant from *Crissman, Judge,* 23 October 1972 Criminal Session of Superior Court held in GUILFORD County.

By separate bills of indictment, proper in form, defendant was charged with (1) the armed robbery of Emlia Christina Lopez and (2) assault with intent to commit rape upon Katherine W. Hann. Without objection the two cases were consolidated for trial and defendant pled not guilty to both charges.

In substance the State's evidence showed: Shortly before 3:00 p.m. on 2 September 1972 defendant appeared in front of the ticket window of a movie house near the campus of U.N.C.-G. in Greensboro. Miss Lopez was on duty in the ticket booth. Defendant had a black handgun in his left hand. He said: "Don't scream. Don't push no buttons. This is a hold up." She gave him the currency in the ticket booth, later determined to be sixty-seven dollars. Defendant pointed the pistol at her and told her to stand up and to expose herself to him. He stated: "I don't mind killing you, and I don't mind blowing up this theater." He told her to go get a car and he would be waiting for her out front. On the pretext of going for a car Miss Lopez went into the theater and reported what had occurred. The police were immediately notified by telephone. Bob Walker, a bystander, who was attempting to make a phone call from a phone booth near the ticket window, overheard a portion of the conversation between defendant and Miss Lopez and in particular heard him threaten to kill her. Mr. Walker watched defendant as he walked away from the theater and informed the police as soon as the squad car arrived. Defendant walked from the theater onto the nearby campus of U.N.C.-G. About a block from the theater he came upon Katherine Hann, a student, as she was walking across campus. He came up behind her, placed his arm around her, held a razor at her neck, and told her to keep walking and not to scream. He told her that if she did scream, he would kill her, and he kept repeating this. Still holding the razor to her neck, he told her that he wanted to have sexual intercourse with her, and asked where they could go. When defendant saw a couple walking toward them in front of the science building, he put the razor inside of his hand, and Miss Hann was able to duck under his arm and run. She received a scratch on her neck and a cut on the middle finger of her left hand. Almost immediately a police car drove up and defendant ran. Miss Hann pointed him out to the officer, who pursued on foot. Defendant was apprehended a few minutes later as he attempted to hide in a culvert. The officers took a straight razor from him and found $70.41 in his right front

pocket and a ten dollar bill in his left pocket. No gun was found. Miss Lopez, Miss Hann and Mr. Walker, all positively identified defendant from the witness stand.

Defendant testified and denied he had robbed Miss Lopez or assaulted Miss Hann. He testified that he lived in Durham and had come to Greensboro that morning to visit a relative; that he had won the money that morning in a crap game; that he was walking across the campus and when the cop's car pulled up beside him he ran because he was on probation, had been drinking, and was not supposed to be in Greensboro. He denied ever owning a gun and denied that the razor which had been introduced in evidence was his or that it had been found in his possession.

The jury found defendant guilty of common-law robbery and guilty of assault with intent to commit rape. Judgments were imposed in each case sentencing defendant to prison. In apt time defendant gave notice of appeal.

*Attorney General Robert Morgan by Assistant Attorney General Rafford E. Jones for the State.*

*Wallace C. Harrelson for defendant appellant.*

PARKER, Judge.

The judgments appealed from were dated 3 November 1972. By order dated 5 January 1973 the trial judge, upon a finding of good cause shown, extended the time for docketing the record on appeal until 10 March 1973. This order, which expressly referred to the judgments in both the robbery and the assault cases, was entered within ninety days after the date of the judgments appealed from as authorized by Rule 5 of the Rules of Practice of this Court. However, the record on appeal was not docketed in this Court within the extended time allowed by the trial judge's order of 5 January 1973. Instead, on 9 March 1973 the trial judge signed a second order which purported further to extend the time for docketing the record on appeal until 30 March 1973. This order made reference only to the sentence imposed in the robbery case, no reference being made to the judgment in the assault case. The record on appeal purporting to present an appeal from the judgments in both cases was finally docketed in this Court on 30 March 1973.

[1]  Within ninety days after the date of a judgment appealed from, but not thereafter, the trial tribunal may for good cause shown extend the time for docketing the record on appeal not exceeding sixty days. Rule 5. When the second order extending time to docket was signed in this case on 9 March 1973, the ninety-day period had already expired and the trial tribunal no longer had authority to enter a valid order further extending the time. *Lambert v. Patterson,* 17 N.C. App. 148, 193 S.E. 2d 380. For failure to comply with the Rules of Practice in this Court, this appeal is subject to dismissal. Rules 5 and 48. Nevertheless, in this case we have elected to treat defendant's appeal as a petition for certiorari, to allow the petition, and to consider fully the merits of all questions sought to be raised.

[2]  Defendant's first assignment of error, addressed to denial of his motions for nonsuit, is without merit. There was ample evidence to require submission of both cases to the jury. Indeed, it would be difficult to imagine more compelling evidence to show defendant's guilt of all elements of each of the offenses for which he was tried.

Defendant's second assignment of error, that the trial judge failed to define adequately the words "reasonable doubt" in the charge to the jury, is also without merit. The definition as given in the charge was in the form approved by decisions of our Supreme Court. Moreover, in the absence of a request, the court is not obligated to define reasonable doubt. *State v. Foster,* 8 N.C. App. 67, 173 S.E. 2d 577. No such request was made.

[3]  On cross-examination, defendant testified he had been convicted of an assault upon his aunt, of breaking and entering, and of forgery. The court, in summing-up defendant's testimony in its charge to the jury, made a brief and accurate reference to this testimony. Defendant's third assignment of error is that the court failed to go further and to instruct the jury that prior convictions of the defendant could be considered only for the limited purpose of impeaching his testimony and for no other purpose. However, no such limiting instruction was requested at any time during the trial.

"It is a well recognized rule of procedure that when evidence competent for one purpose only and not for another is offered it is incumbent upon the objecting party to request the court to restrict the consideration of the

jury to that aspect of the evidence which is competent." *State v. Ray*, 212 N.C. 725, 194 S.E. 482; *State v. Goodson*, 273 N.C. 128, 159 S.E. 2d 310.

Defendant's third assignment of error is overruled.

[4] The exceptions which are the basis of appellant's fourth assignment of error are not set out in appellant's brief, nor is any reason or argument stated or authority cited in support of such exceptions. Accordingly, these exceptions are deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals.

[5] Defendant's fifth assignment of error relates only to the assault case. In this assignment the defendant contends that the court committed error in the portion of its charge to the jury in which the court instructed the jury as to what factual findings would be required in order for the jury to find defendant guilty of the lesser offense of assault with a deadly weapon in event they should fail to find him guilty of assault with intent to commit rape. In this connection defendant argues that the court erred in failing to instruct that before the jury could convict defendant of assault with a deadly weapon it was necessary for them to find beyond a reasonable doubt that the victim of the assault, Miss Hann, was put in fear of bodily injury. We find this assignment of error also without merit. While under the evidence in the present record it is inconceivable that Miss Hann was not actually put in fear of bodily injury, under the circumstances disclosed by the evidence in this case it was not essential that the jury so find as a prerequisite to finding defendant guilty of an assault. In this State a criminal assault may be accomplished either by an overt act on the part of the accused evidencing an intentional offer or attempt by force and violence to do injury to the person of another or by a "show of violence" on the part of the accused sufficient to cause a reasonable apprehension of immediate bodily harm on the part of the person assailed which causes him to engage in a course of conduct which he would not otherwise have followed. *State v. Roberts*, 270 N.C. 655, 155 S.E. 2d 303; *State v. Hill*, 6 N.C. App. 365, 170 S.E. 2d 99. Where, as in the present case, the evidence discloses an actual battery, whether the victim is "put in fear" is inapposite. *State v. Hill*, 266 N.C. 103, 145 S.E. 2d 346. As was pointed out by Bobbitt, J. (now C.J.) in that case, the decision in *State v. Allen*, 245 N.C. 185, 95 S.E. 2d 526, which is cited and relied on by the defendant in the present case, relates to an entirely different factual situation.

Defendant's remaining assignments of error are formal and are without merit. Defendant has had a fair trial free from prejudicial error.

No error.

Judges BROCK and MORRIS concur.