HARRY SCHAFRAN v. A & H CLEANERS, INC.

No. 7411SC640

(Filed 16 October 1974)

**Appeal and Error § 39— extension of time to docket appeal — order improperly entered**

Trial judge was without authority to extend the time for docketing the case on appeal where such motion was made after the 90 day period allowed for docketing had elapsed.

DEFENDANT appeals from *Webb, Judge,* 25 February 1974 Civil Session of HARNETT Superior Court.

Defendant has appealed from an order denying his motion under G.S. 1A-1, Rule 60(b)(2) for relief from a final judgment on the basis of newly discovered evidence which, he alleges, by due diligence could not have been discovered in time to move for a new trial under Rule 59(b). The facts underlying the final judgment are set out in *Schafran v. Cleaners, Inc.,* 19 N.C. App. 365, 198 S.E. 2d 734 (1973), *cert. denied,* 284 N.C. 255, 200 S.E. 2d 655 (1973).

*Bryan, Jones, Johnson, Hunter & Greene and Woodall & McCormick, by Edward H. McCormick, for plaintiff appellee.*

*Pearson, Malone, Johnson, DeJarmon & Spaulding, by W. G. Pearson II and C. C. Malone, Jr., for defendant appellant.*

MARTIN, Judge.

The order appealed from was entered on 25 February 1974. Motion to extend the time for docketing the case on appeal was made on 3 June 1974, and granted by the trial judge on 4 June 1974, both after the expiration of the 90 day period allowed within which to docket the record on appeal. The trial judge had no authority to extend the time for docketing by an order entered after the expiration of the 90 days allowed by Rule 5. *Brown v. Smith,* N. C. Court of Appeals (filed 2 October 1974); *Lambert v. Patterson,* 17 N.C. App. 148, 193 S.E. 2d 380 (1972); *State v. Lassiter,* 18 N.C. App. 208, 196 S.E. 2d 592 (1973). Failure to comply with Rule 5 of the Rules of Practice in the Court of Appeals subjects the case to dismissal under Rule 17, Rules of Practice in the Court of Appeals.

Appeal dismissed.

Chief Judge BROCK and Judge MORRIS concur.