(CASE No. 1) WALTER RAYMOND ROBERTS, PLAINTIFF, v. MABEL D. STEWART, EXECUTRIX OF THE ESTATE OF HOMER AARON STEWART, AND EAST TENNESSEE AND WESTERN NORTH CAROLINA TRANSPORTATION COMPANY, INC., ORIGINAL DEFENDANTS, v. BILLY MONROE NEWTON AND WHITMYER BROS., INC., ADDITIONAL DEFENDANTS
AND
(CASE No. 2) BILLY MONROE NEWTON, PLAINTIFF, v. MABEL D. STEWART, EXECUTRIX OF THE ESTATE OF HOMER AARON STEWART, AND EAST TENNESSEE AND WESTERN NORTH CAROLINA TRANSPORTATION COMPANY, INC., ORIGINAL DEFENDANTS, v. WALTER RAYMOND ROBERTS AND WHITMYER BROS., INC., ADDITIONAL DEFENDANTS

No. 6828SC407

(Filed 20 November 1968)

**1. Appeal and Error § 39— record on appeal — time of docketing**

The record on appeal must be docketed in the Court of Appeals within ninety days after the date of the judgment, order, decree or determination appealed from; within this ninety-day period, but not after the expiration thereof, the trial tribunal may for good cause extend the time not exceeding sixty days for docketing the record on appeal. Rule of Practice in the Court of Appeals No. 5.

**2. Appeal and Error §§ 16, 36— service of case on appeal — jurisdiction of trial court**

Where, upon notice of appeal, the trial judge fixes the time at sixty days within which the case on appeal should be served on opposing counsel, his authority is thereafter limited to settling the case on appeal in the event a countercase is served or exceptions are filed, and consequently the trial court is *functus officio* and is without authority to enter subsequent orders which enlarge the time to serve statement of case on appeal. G.S. 1-282.

**3. Appeal and Error § 36— belated service of case on appeal — scope of review**

In the absence of a case on appeal served within the time fixed by statute or by valid enlargement, the appellate court will review only the record proper and determine whether errors of law are disclosed on the face thereof.

APPEAL by original defendants from *McLean, J.,* 8 April 1968, Civil Session, BUNCOMBE Superior Court.

The first cause of action was instituted by the plaintiff Roberts for recovery of property damage to a tractor trailer-unit which he owned. At the time of the accident, the unit was being operated by the additional defendant Newton, and it was under lease to Whitmyer Bros., Inc. The damage was allegedly caused by the negligence of the original defendant Stewart's testate (Stewart), who was the agent of the original defendant East Tennessee and Western North Carolina Transportation Company, Inc., (Transportation Company).

The second cause of action was instituted by the plaintiff Newton for personal injuries allegedly caused by the negligence of the original defendant Stewart, who was the agent of the original defendant Transportation Company.

In each cause of action the original defendants filed answer, counterclaim and cross-action. The original defendant Stewart sought damages for personal injuries prior to death and for wrongful death. The original defendant Transportation Company sought to recover property damages to its tractor-trailer equipment.

By consent order dated 15 June 1965, both actions were consolidated for trial.

The jury answered issues finding that the plaintiffs were injured in their property and person by the negligence of the original defendant Stewart; that the plaintiff Newton was not contributorily negligent; that the plaintiff Newton was entitled to recover $2,130 for personal injuries; and that the plaintiff Roberts was entitled to recover $14,000 for damages to his tractor-trailer unit and $2,500 for damages to the cargo. Judgment was entered thereon under date of 16 April 1968. From this verdict and judgment, the original defendants Stewart and Transportation Company entered exceptions and notice of appeal.

At the time of noting the appeal, Judge McLean under date of 16 April 1968 allowed the defendants 60 days "in which to prepare and serve case on appeal and plaintiff is allowed 30 days after such service in which to serve counter case or exceptions." Thereafter, the following order was entered on 13 June 1968:

> "Upon application being made, and for good cause shown, IT Is ORDERED that the time for docketing the Record on Appeal in the Court of Appeals be extended to and including the 12 day of September 1968, date of Judgment being 16 day of April, 1968.
>
> This extension of time being made pursuant to Rule Five (5) of the Rules of the North Carolina Court of Appeals."

On the same date, 13 June 1968, Judge McLean entered a second order:

> "Upon application being duly made, and for good cause shown, IT Is ORDERED that the defendants Mabel D. Stewart, Executrix of the Estate of Homer Aaron Stewart and East Tennessee and Western North Carolina Transportation Company, Inc., be, and they are hereby, allowed an extension of time to and

including the 12 day of July, 1968, in which to file Statement of Case on Appeal in the above entitled action, and serve copy thereof on plaintiff's counsel."

On 28 June 1968 Judge McLean entered a third order:

"For good cause shown, IT IS HEREBY ORDERED, that the Appellants Mabel D. Stewart, Executrix of the Estate of Homer Aaron Stewart, and East Tennessee and Western North Carolina Transportation Company, Inc. are hereby allowed an extension of time in which to serve Statement of Case on Appeal to and including July 25, 1968."

The record discloses that the record on appeal was filed in the Court of Appeals on 12 September 1968. This was in conformity with the order of Judge McLean dated 13 June 1968.

The record further discloses that under date of 24 July 1968 the appellants tendered to the plaintiffs and to the additional defendants statement of case on appeal. Service thereof was accepted and receipt of copy was acknowledged. This was in conformity with the order of Judge McLean dated 28 June 1968.

When the case was called for argument in the Court of Appeals, the plaintiff in each case, Roberts and Newton, filed a written motion to dismiss the appeal because the order of Judge McLean dated 13 June 1968 and the order dated 28 June 1968 were nullities since Judge McLean at that time was *functus officio*.

*Uzzell and DuMont by Harry DuMont, Attorneys for plaintiff appellees.*

*Harold K. Bennett by Robert B. Long, Jr.; McGuire, Baley & Wood by Philip Carson, Attorneys for original defendant appellants.*

*Landon Roberts, Attorney for additional defendant appellee, Whitmyer Bros., Inc.*

CAMPBELL, J.

The motion to dismiss the appeal must first be determined.

[1] There is a difference between docketing the record on appeal in the Court of Appeals and serving a case on appeal on opposing parties. As pointed out by Brock, J., in *Smith v. Starnes*, 1 N.C. App. 192, 160 S.E. 2d 547, the two should not be confused. The docketing of the record on appeal in the Court of Appeals is determined by Rule 5 of the Rules of Practice in the Court of Appeals. The record on appeal must be docketed in the Court of Appeals within ninety

days after the date of the judgment, order, decree or determination appealed from. Within this period of ninety days, but not after the expiration thereof, the trial tribunal may for good cause extend the time not exceeding sixty days for docketing the record on appeal. This provision, however, does not apply to serving a case on appeal on opposing counsel. That is controlled by the following statute:

"G.S. 1-282. *Case on appeal; statement, service, and return.* — The appellant shall cause to be prepared a concise statement of the case, embodying the instructions of the judge as signed by him, if there be an exception thereto, and the request of the counsel of the parties for instructions if there be any exception on account of the granting or withholding thereof, and stating separately, in articles numbered, the errors alleged. A copy of this statement shall be served on the respondent within fifteen days from the entry of the appeal taken; within ten days after such service the respondent shall return the copy with his approval or specific amendments indorsed or attached; if the case be approved by the respondent, it shall be filed with the clerk as a part of the record; if not returned with objections within the time prescribed, it shall be deemed approved: Provided, that the judge trying the case shall have the power, in the exercise of his discretion, to enlarge the time in which to serve statement of case on appeal and exceptions thereto or counter statement of case."

[2] When Judge McLean under date of 16 April 1968 fixed the time at sixty days within which the appeal should be served, his authority was thereafter limited to settling the case on appeal in the event a countercase was served or exceptions were filed. *Machine Co. v. Dixon,* 260 N.C. 732, 133 S.E. 2d 659.

"As a general rule, an appeal takes a case out of the jurisdiction of the trial court. Thereafter, pending the appeal, the judge is *functus officio.* '. . . (A) motion in the cause can only be entertained by the court where the cause is.' Exceptions to the general rule are: (1) notwithstanding notice of appeal a cause remains *in fieri* during the term in which the judgment was rendered, (2) the trial judge, after notice and on proper showing, may adjudge the appeal has been abandoned, (3) the settlement of the case on appeal. *Hoke v. Greyhound Corp.,* 227 N.C. 374, 42 S.E. 2d 407.

The authority of the trial judge to settle the case on appeal may be invoked only by the service of a countercase or by filing exceptions to the appellant's statement of case. Otherwise the

appellant's statement becomes the case on appeal. G.S. 1-282, 283; *Wiggins v. Tripp,* 253 N.C. 171, 116 S.E. 2d 355. 'The right of appeal is not an absolute right, but is only given upon compliance with the requirements of the statute. . . . rules requiring service to be made of case on appeal within the allotted time are mandatory, not directive.' *Little v. Sheets,* 239 N.C. 430, 80 S.E. 2d 44." *Machine Co. v. Dixon, supra.*

[2]  In the instant case, the order of Judge McLean dated 13 June 1968 and the order dated 28 June 1968, which enlarged the time to serve statement of case on appeal to and including 25 July 1968, were entered without authority since the appeal had removed the case to the Court of Appeals.

[3]  In the absence of a case on appeal served within the time fixed by the statute, or by valid enlargement, the appellate court will review only the record proper and determine whether errors of law are disclosed on the face thereof. We accordingly have reviewed the record proper and no error of law is disclosed on the face thereof.

The judgment of the Superior Court of Buncombe County is

Affirmed.

MALLARD, C.J., and MORRIS, J., concur.