MARGARET HICE DIXON v. AUBREY BRICE DIXON

No. 6926DC511

(Filed 19 November 1969)

1. **Appeal and Error § 39— dismissal of appeal — failure to docket on time**

Appeal is subject to dismissal *ex mero motu* by the Court of Appeals for failure to docket the record on appeal within 90 days after date of judgment appealed from. Rule of Practice in the Court of Appeals No. 5.

2. **Appeal and Error § 39— extension of time for docketing record**

Authority of trial tribunal for good cause to extend the time for docketing the record on appeal in the Court of Appeals may not be exercised after the 90-day period for docketing has expired.

3. **Divorce and Alimony § 18— award of alimony pendente lite and fees — discretion of court**

The amount to be awarded for alimony *pendente lite* and counsel fees rests in the sound discretion of the trial judge and his determination will not be disturbed in the absence of a clear abuse of that discretion.

APPEAL by plaintiff from *Arbuckle, District Judge,* 5 May 1969 Session of the District Court of MECKLENBURG County.

On 15 April 1969 the plaintiff filed this action seeking alimony, alimony *pendente lite* and counsel fees. The plaintiff's application for alimony *pendente lite* and counsel fees was heard on 5 May 1969. On 14 May 1969 the trial judge signed an order requiring the defendant to pay alimony *pendente lite* and counsel fees. From said order the plaintiff appeals to this Court contending, among other things, that the court abused its discretion in that it did not allow an adequate amount for alimony *pendente lite* and counsel fees.

*Hamel & Cannon by Thomas R. Cannon for plaintiff appellant.*

*Bailey and Davis by Thomas D. Windsor for defendant appellee.*

VAUGHN, J.

[1] Rule 5 of the Rules of Practice in the Court of appeals of North Carolina provides in part that the record on appeal shall be docketed within 90 days after the date of the judgment, order, decree or other determination appealed from. Here the appeal entries, presumably prepared by counsel, allowed appellant 60 days to serve the case on appeal and allowed appellee 30 days after such service to serve countercase or exceptions. Obviously, if the parties used all of the time allowed under the order, as in fact they did, the

record on appeal could not reasonably be docketed in the Court of Appeals within the 90 days allowed by Rule 5. Despite this, there was no application to the trial tribunal to extend the time for docketing the record on appeal until after the time for docketing in this Court had expired.

[2]   Although Rule 5 provides that the trial tribunal may for good cause extend the time not exceeding 60 days for docketing the record on appeal, this authority may not be exercised after the time for docketing in the Court of Appeals has expired. *Roberts v. Stewart and Newton v. Stewart*, 3 N.C. App. 120, 164 S.E. 2d 58. For failure to comply with our rule, we *ex mero motu* dismiss the appeal.

Nevertheless, we have carefully considered plaintiff's assignments of error but find them without merit.

[3]   On this appeal the question before us is not whether the award for alimony *pendente lite* and counsel fees may have been higher or lower than that anticipated or even usual in similar cases, but whether in consideration of the circumstances under which it was made it was so unreasonable as to constitute an abuse of discretion. *Stadiem v. Stadiem*, 230 N.C. 318, 52 S.E. 2d 899. The purpose of the award of alimony *pendente lite* is to provide for the reasonable and proper support of the wife in an emergency situation, pending the first determination of her rights. *Schloss v. Schloss*, 273 N.C. 266, 160 S.E. 2d 5. It is well settled that the amount to be awarded for alimony *pendente lite* and counsel fees rests in the sound discretion of the trial judge and his determination will not be disturbed in the absence of a clear abuse of that discretion. *Miller v. Miller*, 270 N.C. 140, 153 S.E. 2d 854.

The record before us discloses no abuse of discretion by the trial judge in fixing the amount of the alimony *pendente lite* and counsel fees.

Appeal dismissed.

BROCK and BRITT, JJ., concur.