MARGARET FONVIELLE v. W. ALEX FONVIELLE, JR.

No. 705DC165

(Filed 27 May 1970)

**Divorce and Alimony §§ 16, 23—  alimony without divorce — child support — husband's anticipation of decrease in earnings**

    In the wife's action for alimony without divorce and for child support, the Court of Appeals will not disturb an order of the trial court requiring the husband to make substantial payments to the wife for alimony and for support of the minor children, notwithstanding the husband's contention that he anticipates a substantial decrease in earnings, since the order is temporary in nature and is subject to modification upon change of circumstances.

APPEAL by defendant from *Burnett, District Judge,* November 1969 Session, NEW HANOVER District Court.

This is an action instituted by plaintiff wife for alimony without divorce (G.S. 50-16.2(7)); for custody of, and support for, the minor children born of the marriage (G.S. 50-13.5(b)(3)); for alimony *pendente lite* (G.S. 50-16.3); and for counsel fees (G.S. 50-13.6 and 50-16.4).

Upon the *pendente lite* hearing the evidence tended to show that plaintiff was a dependent spouse; that she was entitled to the relief demanded in her action for alimony without divorce; and that the interest and welfare of the minor children would best be promoted if their custody be granted to plaintiff. The evidence further tended to show that defendant was capable of, and actually did, earn a substantial income; and that defendant owned real estate and personal property of substantial value.

Defendant's evidence tended to show that he anticipated a substantial decrease in earnings, and a decrease in the value of his real estate and personal property.

The District Judge entered an order requiring substantial payments to be made by defendant to plaintiff for alimony and for support of the minor children. Defendant appealed.

*Murchison, Fox & Newton, by Algernon L. Butler, Jr., for plaintiff.*

*John F. Crossley, for defendant.*

BROCK, J.

The crux of defendant's appeal is his argument that the payments required of him under the order are excessive in the light of his present circumstances. It is defendant's contention that he will be earning less money because of the high interest rates and consequent slow down in the building trade, and that the values of his property will be depressed. On the other hand plaintiff contends that the building trade will become more profitable and the values of defendant's properties will be inflated. The entire appeal deals in speculations as to what defendant's financial situation may or may not become.

From the record before us we cannot say that the trial judge exceeded his discretionary authority. Unless an abuse of discretion is shown the order must stand.

The order is temporary in nature, and if future circumstances justify a change, defendant is at liberty to seek relief in the trial court by motion in the cause.

Affirmed.

BRITT and HEDRICK, JJ., concur.