STATE *v.* EVANS AND STATE *v.* JOHNSON

---

STATE OF NORTH CAROLINA v. ROBERT EVANS
— AND —
STATE OF NORTH CAROLINA v. NELSON NAPOLEON JOHNSON.

No. 7018SC291

(Filed 24 June 1970)

1. Criminal Law § 154— preparation of record on appeal — duty of appellant

It is the appellant's duty to see that the record on appeal is properly made up and transmitted to the Court of Appeals.

2. Criminal Law § 155.5— dismissal of appeal — failure to docket record on time

Appeal is subject to dismissal where the record on appeal was not docketed in the Court of Appeals within the ninety days allowed by Rule 5 and no order was entered in the superior court within the ninety days

which extended the time for docketing the record on appeal. Rules of Practice Nos. 17 and 48.

**3. Criminal Law § 155.5— extension of time for docketing case on appeal — good cause**

The extension of time for docketing the case on appeal in the Court of Appeals may be granted *only* upon a finding that there was good cause for the extension. Rule 5 of the Court of Appeals.

**4. Criminal Law § 155.5— statement of case on appeal — extension of time**

A judge who was not the trial judge was without authority to extend appellant's time to serve the statement of the case on appeal. Rule 50 of the Court of Appeals.

**5. Criminal Law § 166— filing of supplementary brief — leave of the Court of Appeals**

Defendants' "supplementary brief" which was filed after argument but without leave of the Court of Appeals was a violation of Rule 11.

**6. Schools § 15;   Criminal Law §§ 138, 147.5—     disturbing school — mitigation of punishment by Court of Appeals**

Although the defendants' appeals in a school disturbance prosecution were subject to dismissal for failure to comply with the rules of the Court of Appeals, the Court, in the exercise of its supervisory powers, reduced the defendants' sentences of imprisonment from twelve months to six months, where the statute mitigating the punishment for the offense had become effective on the day defendants were sentenced.

APPEAL by defendants from *Collier, J.,* 27 October 1969 Regular Session of Superior Court held in GUILFORD County.

Each of the defendants is charged in a separate warrant with unlawfully and wilfully disturbing and interrupting the James B. Dudley High School (high school) in violation of G.S. 14-273. The high school is located on Lincoln Street, Greensboro, North Carolina. The offense is alleged to have occurred on 9 May 1969. In the warrant against Robert Evans (Evans), it is alleged that he disturbed and interrupted the school "by conducting an unauthorized meeting in the hallway and the assembly area of the said school, and laughing loudly and clapping his hands as to disrupt classes being held at the said school." In the warrant against Nelson Napoleon Johnson (Johnson), it is alleged that he disturbed and interrupted the school "by conducting an unauthorized meeting in the hallway and the assembly area of the said school, and by using a device to amplify the voice."

The evidence for the State tended to show that these two defendants, Evans and Johnson, were two of the leaders of a crowd of

some seventy-five to three hundred people who went on the campus of the high school on 9 May 1969 and split into two groups. They made so much noise, most of which appeared to be directed against the principal of the school, Franklin J. Brown (Brown), that school had to be dismissed some hour and a half to two hours prior to the time of regular dismissal of school. Neither Evans nor Johnson was a student at the high school. Evans had been graduated from another high school the year before this occurrence, and Johnson was a student at "A. & T." "A. & T. State University" is located about two miles from the high school. Defendant Evans was in front of one of the groups of adult black men on the campus of the high school. The groups were chanting, "Damn Brown, Let My People Go." Evans was told that he would be arrested if he did not leave the campus; whereupon, he called the Director of Public Information and Publication of the Greensboro Board of Education a "white pig." Thereafter Evans entered the hallway of one of the buildings. People filled the hallway. The crowd in the hallway seemed to be directing its animosity and ill-will towards Brown. Brown was in the hallway when Brown told the police officers, "they have taken over my school." At that time Evans was very near to Brown. Johnson was in front of one of the groups and was involved in the general chanting. The high school was composed of several buildings. Inside the gymnasium Johnson got on a table and used a vocal amplifier to address a large crowd of people therein. While he was addressing the crowd, the police officers came and requested Johnson to leave. At that time someone in the crowd kicked one of the police officers, and the police officers left immediately. At that time there were some three hundred people in the gymnasium, some of them students from the high school and some of them students from the "A. & T. State University."

The defendants were found guilty by the jury of the crime with which they were charged and were sentenced to twelve months in the common jail of Guilford County and assigned to work under the supervision of the North Carolina Department of Correction.

From the sentences so imposed, each defendant gave notice of appeal to the Court of Appeals. The defendants were allowed fifty days to prepare and serve case on appeal, and the State was allowed twenty days after such service to prepare and serve countercase.

The appeal entries were entered on 30 October 1969. The sentence was imposed on 30 October 1969.

*Attorney General Morgan and Assistant Attorney General Rich for the State.*

*Lee, High, Taylor & Dansby by David M. Dansby, Jr., for defendant appellants.*

MALLARD, C.J.

The record on appeal shows that the cases against these two defendants were consolidated with another case against a defendant named Vincent McCullough. The record on appeal does not disclose what happened to the case against the defendant McCullough. However, it is noted in the charge that the court did not instruct the jury with respect to the charge against the defendant McCullough. It is assumed, therefore, that the court dismissed the case against McCullough prior to submitting the case to the jury.

The record on appeal does not reveal how the cases got into the superior court. The record on appeal shows that the defendants were tried on warrants in the superior court but does not show how the superior court obtained jurisdiction. However, in a newspaper article inserted in the record by the defendants in support of the motion of the defendants for a mistrial, the following appears: "All three were convicted on the charges in the District Court, and appealed to Superior Court for jury trials."

[1] It is the appellant's duty to see that the record on appeal is properly made up and transmitted to the Court of Appeals. *State v. Stubbs,* 265 N.C. 420, 144 S.E. 2d 262 (1965).

The record does not reveal that these are indigent defendants.

[2] The State on 7 May 1970 filed a motion in this cause to dismiss this appeal. The State alleged that the defendants had failed to comply with Rule 5 of this Court in that the record on appeal was not docketed within ninety days and no order was entered in the superior court within ninety days of the entry of the judgment extending the time for docketing the record on appeal. The record on appeal was docketed in this Court on 29 March 1970. In December 1969 Judge Collier signed an order extending the time in which Evans could serve his statement of case on appeal to and including the 15th day of February 1970. On 17 December 1969 Judge Collier extended the time for the defendant Johnson to serve his statement of case on appeal to and including the 15th day of February 1970. It is observed that in neither of these orders was there any order made with respect to extending the time for docketing the record on appeal. The ninety days allowed for docketing the record on appeal expired on 29 January 1970, and at that time no order had been entered extending the time to docket the record on

appeal. In the case of *Roberts v. Stewart and Newton v. Stewart,* 3 N.C. App. 120, 164 S.E. 2d 58 (1968), *cert. den.* 21 January 1969, 275 N.C. 137, it is said: "Within this period of ninety days, but not after the expiration thereof, the trial tribunal may for good cause extend the time not exceeding sixty days for docketing the record on appeal." Since this record on appeal was not docketed within ninety days as required by Rule 5 of the Rules of Practice in the Court of Appeals and since no order was obtained within the ninety days from the trial tribunal extending the time for docketing the record on appeal, the case is subject to be dismissed under Rule 17 and Rule 48 of the Rules of Practice in the Court of Appeals.

[3, 4]    On 13 February 1970 Judge Kivett, without a finding that good cause existed for the extension of time to docket a case on appeal, attempted to extend the time of the defendants for docketing the case on appeal until 30 March 1970. This also was a violation of Rule 5 of the Rules of Practice in that Rule 5 requires that "the trial tribunal may, *for good cause*, extend the time not exceeding sixty days, for docketing the record on appeal." (Emphasis Added.) Moreover, in this same order Judge Kivett attempted to extend the time in which the defendants could serve statement of case on appeal to and including the 25th day of February 1970. In this order of Judge Kivett extending the time to serve case on appeal it was stated that it was "for good cause shown." However, Rule 50 of the Rules of Practice in the Court of Appeals, adopted by the Supreme Court of North Carolina on 18 February 1969, provides that *only* the trial judge may extend, for good cause and after reasonable notice to the opposing party or counsel, the time for service of the case on appeal and countercase or exceptions. Judge Kivett was not the trial judge and, therefore, was without authority to extend the time to serve the statement of case on appeal. The record reveals that the statement of the case on appeal was served on the solicitor on 24 February 1970, which was after the time granted by Judge Collier, the trial judge, for the extension of the time to serve the case on appeal. Therefore, the case on appeal was not served within the time as permitted under the Rules of Practice in the Court of Appeals.

[5]    After this case was argued, the defendants filed what they called a "supplementary brief" without leave of the court to do so. This is in violation of Rule 11 of the Rules of Practice in the Court of Appeals which, among other things, provides that "no brief or written argument will be received after a case has been argued or submitted, except upon leave granted in open court, after notice to opposing counsel."

**[6]**  On 9 May 1969, the date the defendants were charged with this offense, punishment was by fine or imprisonment, or both, in the discretion of the court. Thereafter, on 1 July 1969, the General Assembly of North Carolina, by Chapter 1224 of the Session Laws of 1969, changed the punishment for the offense with which the defendants are charged by making it "punishable by a fine not to exceed five hundred dollars ($500.00), imprisonment for not more than six months, or both." This act became effective on 1 October 1969 and was in effect on the day that the judge imposed the sentence on these defendants. In *State v. Spencer, et al,* 276 N.C. 535, 173 S.E. 2d 765 (filed 13 May 1970), the Supreme Court said:

> "We note, however, that while this appeal was pending the Legislature amended G.S. 20-174.1(b) to read as follows: 'Any person convicted of violating this section shall be punished by a fine not exceeding five hundred dollars ($500.00) or by imprisonment not exceeding six months, or both, in the discretion of the court.' (S.L. 1969, c. 1012) Since this amendment reduced the maximum punishment for violation of G.S. 20-174.1(a) while this appeal was pending, the change inures to the benefit of defendant Henry Johnson, Jr., who was given an active sentence of nine months by the trial judge. 'A judgment is not final as long as the case is pending on appeal.' *State v. Pardon,* **272** N.C. 72, 75, 157 S.E. 2d 698, 701, and authorities there cited. The judgment as to defendant Henry Johnson, Jr., is therefore modified so as to reduce his sentence from nine months to six months in the common jail of Hyde County."

The case should be dismissed for failure to comply with the Rules of this Court. However, acting under the supervisory powers of this Court and applying the above principles of law to the facts in this case, the judgment as to the defendant Evans should be and is modified so as to reduce his sentence from twelve months to six months in the common jail of Guilford County, and the judgment as to defendant Johnson is also modified so as to reduce his sentence from twelve months to six months in the common jail of Guilford County.

As modified, the judgment of the superior court is affirmed.

Modified and affirmed.

MORRIS and GRAHAM, JJ., concur.