BECK DISTRIBUTING CORPORATION v. IMPORTED PARTS, INC., PRINCIPAL, (AND MARYLAND CASUALTY COMPANY, SURETY)

No. 7110SC36

(Filed 31 March 1971)

1. Appeal and Error § 39— record on appeal — extension of time for docketing

After the time for docketing the record on appeal in the Court of Appeals has expired, the trial judge is without authority to enter a valid order extending the time of docketing.

2. Attachment § 11— recovery on attachment bond

A plaintiff that recovered judgment against defendant for $12,425.64 is entitled to enforce the provisions of a $16,000 attachment bond executed by defendant and his surety, the condition of which was "that if the plaintiff recovers judgment, the defendant shall pay all sums that may be awarded to the plaintiff." G.S. 1-440.46(d).

APPEAL by Maryland Casualty Company from *Bailey, Superior Court Judge*, 7 July 1970 Session of Superior Court held in WAKE County.

This cause, under the title of *"Beck Distributing Corporation v. Imported Parts, Incorporated,"* has been heard by this court before on an appeal by Imported Parts, Inc. (Imported). This court found no error in the trial. The opinion was filed 1 April 1970 and is reported in 7 N.C. App. 483. *Certiorari* was denied on 28 May 1970 by the Supreme Court in 276 N.C. 575. Maryland Casualty Company (Surety) is not listed in the title of that case as a party and was not represented by counsel on that appeal. The judgment in that case is the same judgment involved on this appeal and reads as follows:

"This cause coming on to be heard before the undersigned Judge Presiding and a jury duly impaneled at the November 17, 1969 Term of Superior Court of Wake County, and the jury having answered the issue as follows:

'1. What amount, if any, is plaintiff entitled to recover of defendant?

ANSWER: $12,425.64.'

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that plaintiff have and recover of the defendant Imported Parts, Inc. as principal, and its surety, Maryland Casualty Com-

pany the sum of TWELVE THOUSAND FOUR HUNDRED TWENTY-FIVE AND 64/100 DOLLARS ($12,425.64), with interest from May 31, 1967; and that the costs of this action be taxed by the Clerk against the defendant."

On 22 June 1970 Surety filed a motion to vacate and set aside the judgment in this action insofar as it applies to it and asked that the plaintiff, Beck Distributing Corporation (Beck) be enjoined from enforcing it, for that:

"(1) The judgment is void as to Maryland Casualty Company; or

(2) The judgment does not properly and correctly set forth the liability, if any, of Maryland Casualty Company."

Judge Bailey entered an order dated 7 July 1970 denying the motion, and Surety appealed to the Court of Appeals.

*Boyce, Mitchell, Burns & Smith by Robert E. Smith for plaintiff appellee.*

*Harris, Poe, Cheshire & Leager by W. C. Harris, Jr., for Maryland Casualty Company, appellant.*

MALLARD, Chief Judge.

[1] The order of Judge Bailey appealed from is dated 7 July 1970. The record on appeal was docketed in the Court of Appeals on 16 October 1970. Absent a valid order extending the time to docket the record on appeal, the time for docketing the record on appeal in this case expired on 5 October 1970, or 90 days after 7 July 1970. On 16 October 1970 Judge Bailey, upon motion of Surety, entered an order attempting to extend the time for docketing the record on appeal to 16 October 1970. This order is ineffective. After the time for docketing the record on appeal in this court had expired, the trial judge could not then enter a valid order extending the time. In *Roberts v. Stewart* and *Newton v. Stewart,* 3 N.C. App. 120, 164 S.E. 2d 58 (1968), *cert. denied,* 275 N.C. 137, it is said:

" * * * The record on appeal must be docketed in the Court of Appeals within ninety days after the date of the judgment, order, decree or determination appealed from. Within this period of ninety days, but not after the expiration thereof, the trial tribunal may for good cause extend the

time not exceeding sixty days for docketing the record on appeal. * * * ”

However, in this case we treat the appeal as an application for a writ of *certiorari*, allow it, and consider the case on its merits.

[2] Beck had attached the property of Imported. Beck and Imported agreed to a return of the attached property to Imported upon the execution by Imported of a bond, with adequate surety, in the amount of $16,000. Surety and Imported executed a bond for $16,000, the condition of which was "that if the plaintiff recovers judgment, the defendant shall pay all sums that may be awarded to the plaintiff in this action." The plaintiff recovered judgment for $12,425.64 in a trial found to be free from prejudicial error. The statute, G.S. 1-440.46(d) (which relates to attachment proceedings), reads:

> "Upon judgment in his favor in the principal action, the plaintiff is entitled to judgment on any bond taken for his benefit therein."

By its express terms, the bond signed by Surety in this action was for the benefit of the plaintiff. The judgment did not exceed the amount of the bond, and the trial judge correctly gave judgment against the defendant and Surety.

The order of Judge Bailey denying the motion of Surety is affirmed.

Affirmed.

Judges PARKER and GRAHAM concur.