Crow v. Crow

GERTRUDE EDWARDS CROW v. CLARENCE H. CROW

No. 718DC374

(Filed 4 August 1971)

**Appeal and Error § 39— failure to docket record on appeal in apt time**

Appeal is subject to dismissal for failure of appellant to docket the record on appeal within 90 days from the date of the judgment appealed from. Court of Appeals Rule No. 5.

APPEAL by defendant from *Nowell, District Judge,* 16 November 1970 Session of District Court held in WAYNE County.

*Dees, Dees, Smith and Powell by Tommy W. Jarrett for plaintiff appellee.*

*Sasser, Duke and Brown by John E. Duke and J. Thomas Brown, Jr., for defendant appellant.*

VAUGHN, Judge.

The judgment from which defendant appealed was entered 19 November 1970. Among other things it required defendant to pay a monthly sum for the support of his two minor children. The record on appeal in this case should have been docketed not later than 17 February 1971. It was not docketed until 19 April 1971, thus missing this Court's first call of cases from the Eighth District for our spring session.

" . . . The record on appeal must be docketed in the Court of Appeals within ninety (90) days after the day of the judgment, order, decree or determination appealed from. Within this period of ninety (90) days, but not after the expiration thereof, the trial tribunal may for good cause extend the time not exceeding sixty (60) days for docketing

Crow  v.  Crow

the record on appeal. . . . ” *Roberts v. Stewart and Newton v. Stewart,* 3 N.C. App. 120, 164 S.E. 2d 58.

See also *Dixon v. Dixon,* 6 N.C. App. 623, 170 S.E. 2d 561 and *Distributing Corp. v. Parts, Inc.,* 10 N.C. App. 737, 179 S.E. 2d 793.

For failure to comply with the rules of this Court, the appeal is subject to dismissal. We have, however, considered the case on its merits and conclude that the order from which defendant appealed should be affirmed.

Affirmed.

Judges BROCK and GRAHAM concur.