HATTIE LUCAS BRANCH v. CLARENCE BRANCH

No. 726DC62

(Filed 24 May 1972)

Appeal and Error § 36— failure to serve case on appeal — appellate review

Where no statement of the case on appeal was ever served on appellee's counsel as required by G.S. 1-282, the appellate court will review only the record proper and determine whether error of law appears on the face thereof.

APPEALED by defendant from *Maddrey, District Judge,* 4 August 1971 Session of District Court held in HALIFAX County.

*No counsel for plaintiff appellee.*

*James R. Walker, Jr., for defendant appellant.*

HEDRICK, Judge.

This is an appeal from a judgment of absolute divorce entered on 4 August 1971.

The record on appeal discloses that a "Notice of Appeal" in the instant case was mailed to the plaintiff Hattie Lucas Branch by defendant's counsel on 11 August 1971 and a "Bill of Specific Exceptions" was mailed to plaintiff's counsel Jones, Jones, and Jones, Ahoskie, North Carolina, on 13 August 1971.

The record further indicates that District Judge Maddrey signed the appeal entries on 13 August 1971 allowing the defendant 30 days in which to prepare and serve his case on appeal and plaintiff 15 days thereafter to serve exceptions or countercase.

Although the record on appeal was docketed in this Court within 90 days of the date of the judgment appealed from in accordance with Rule 5 of the Rules of Practice in the Court of Appeals, the record fails to indicate that a statement of the case was ever served on plaintiff's counsel as required by G.S. 1-282. In *Roberts v. Stewart* and *Newton v. Stewart,* 3 N.C. App. 120, 164 S.E. 2d 58 (1968), cert. den., 275 N.C. 137, this Court said: "In the absence of a case on appeal served within the time fixed by the statute, or by valid enlargement, the appellate court will review only the record proper and determine whether errors of law are disclosed on the face thereof." Accordingly, we have reviewed the record proper and find no error on the face thereof. The judgment appealed from is affirmed.

Affirmed.

Judges BRITT and PARKER concur.