TOMMY S. SIMMONS v. TEXTILE WORKERS UNION OF
AMERICA, AFL-CIO

No. 7223SC293

(Filed 28 June 1972)

Appeal and Error § 39— time for docketing record on appeal — extension

> After the 90-day period for docketing the record on appeal in the Court of Appeals has expired, the trial tribunal is without authority to enter a valid order extending the time for docketing. Court of Appeals Rule 5.

APPEAL by defendant from *Crissman, Judge,* 1 November 1971 Session of Superior Court held in WILKES County.

This is a civil action in which plaintiff, who was formerly an employee within a bargaining unit represented by the defendant Union, seeks recovery of damages for failure of defendant to represent plaintiff's interest properly when plaintiff lost his job following a strike. The jury returned verdict in favor of plaintiff, and from judgment on the verdict, defendant appealed.

*Franklin Smith and W. G. Mitchell for plaintiff appellee.*

*Charles B. Merryman, Jr., and Joel Ronald Ax for defendant appellant.*

PARKER, Judge.

The judgment appealed from was dated 5 November 1971. The record on appeal was not docketed in the Court of Appeals and no order extending the time for docketing was entered within 90 days after the date of the judgment. On appellant's motion, made after the expiration of the 90-day period, the trial

judge signed an order dated 7 February 1972 extending the time for docketing until 6 March 1972, and the record on appeal was docketed in the Court of Appeals on 3 March 1972. In the meantime, on 14 February 1972, appellee filed a motion in this Court to dismiss the appeal for failure to docket the record on appeal within apt time.

Article IV, Section 13(2) of the Constitution of North Carolina provides that "[t]he Supreme Court shall have exclusive authority to make rules of procedure and practice for the Appellate Division." Pursuant to this authority, our Supreme Court has adopted Rules of Practice in the Court of Appeals of North Carolina.

> "The docketing of the record on appeal in the Court of Appeals is determined by Rule 5 of the Rules of Practice in the Court of Appeals. The record on appeal must be docketed in the Court of Appeals within ninety days after the date of the judgment, order, decree or determination appealed from. Within this period of ninety days, *but not after the expiration thereof,* the trial tribunal may for good cause extend the time not exceeding sixty days for docketing the record on appeal." (Emphasis added.) *Roberts v. Stewart* and *Newton v. Stewart,* 3 N.C. App. 120, 164 S.E. 2d 58, cert. denied, 275 N.C. 137.

After the time for docketing the record on appeal in the Court of Appeals has expired, the trial tribunal is without authority to enter a valid order extending the time for docketing. *Distributing Corp. v. Parts, Inc.,* 10 N.C. App. 737, 179 S.E. 2d 793; *State v. Evans* and *State v. Johnson,* 8 N.C. App. 469, 174 S.E. 2d 680, cert. denied, 277 N.C. 115; *Dixon v. Dixon,* 6 N.C. App. 623, 170 S.E. 2d 561; *Roberts v. Stewart* and *Newton v. Stewart, supra.* Accordingly, appellee's motion to dismiss must be allowed.

Appeal dismissed.

Judges BRITT and HEDRICK concur.