STATE OF NORTH CAROLINA v. GARY DOUGLAS LEE

No. 7219SC421

(Filed 28 June 1972)

1. Criminal Law § 155.5— docketing of record — expiration of 90 days — extension of time

Appeal is subject to dismissal where the record on appeal was not docketed within 90 days after the date of the judgment appealed from, and an order extending the time for docketing was entered after the 90-day period had expired.

2. Burglary and Unlawful Breakings § 8— entry of coin-operated machines — sentence

Sentence of two years as a youthful offender imposed on an eighteen-year-old defendant who entered pleas of *nolo contendere* to six charges of unlawful entry into coin-operated machines was not cruel and excessive.

APPEAL by defendant from *Collier, Judge,* 13 December 1971 Session, CABARRUS County Superior Court.

This eighteen-year-old defendant was charged in six separate warrants with the unlawful entry into coin-operated

vending machines. In some instances the charge was the unlawful and unauthorized use of a key to the machine, and in others it was unlawfully breaking into the machine by the use of a tire tool. All the offenses occurred on the 26th of April 1971. In some instances money was obtained, and in other instances nothing was obtained.

Upon his trial the defendant entered a plea of *nolo contendere*. The effect of the plea was explained to him, and he was advised that he was subject to twelve years imprisonment for the various offenses. Upon competent evidence the trial judge found that the plea was freely, understandingly and voluntarily entered without any undue influence, compulsion, duress or any promises. Thereafter, the cases were consolidated for judgment, and a judgment was entered sentencing the defendant to two years imprisonment as a youthful offender.

From the entry of this judgment, the defendant appealed.

*Attorney General Robert Morgan by Assistant Attorneys General William W. Melvin and William B. Ray for the State.*

*Williams, Willeford and Boger by John R. Boger, Jr., for defendant appellant.*

CAMPBELL, Judge.

[1] It is noted that the judgment was entered in this case 13 December 1971. The ninety days for filing the case on appeal in this Court expired 13 March 1972. It was not until 10 April 1972 that the defendant procured an extension of time under Rule 5 of this Court to docket the appeal. This order was obtained too late, and for this reason this appeal is subject to dismissal.

[2] We, nevertheless, have considered the assignment of error to the effect that the punishment was cruel and excessive. This assignment of error is feckless and no error appears upon the face of the record.

Appeal dismissed.

Chief Judge MALLARD and Judge BROCK concur.