DAVID EARL LAMBERT v. JACK RANDALL PATTERSON AND JACK DEMPSEY PATTERSON

No. 728SC741

(Filed 20 December 1972)

Appeal and Error § 39— ineffective order extending time for docketing appeal

   The trial court was without authority to enter a valid order extending the time for docketing appeal after the original 90-day period had expired.

APPEAL from *Cowper, Judge,* 1 May 1972 Session, Superior Court, WAYNE County.

This is a civil action in which plaintiff seeks to recover of defendants damages for personal injuries and property dam-

age allegedly resulting from negligence of defendants in the operation of an automobile. Defendants answered and filed a counterclaim alleging that the collision was caused solely by plaintiff's negligence.

The collision occurred on a dusty unpaved road in Wayne County. Plaintiff's car and defendants' car were traveling in opposite directions when the two cars collided. The driver and passenger in each vehicle testified. Each driver testified that he was on his side of the center of the road and that the other driver came over the center onto his side of the road and caused the collision.

The jury answered the issues submitted in plaintiff's favor and defendants appealed.

*Sasser, Duke and Brown, by John E. Duke; and Herbert B. Hulse, for plaintiff appellee.*

*Dees, Dees, Smith and Powell, by William W. Smith, for defendant appellants.*

MORRIS, Judge.

Judgment in this case was entered on 10 May 1972. As was said in *Distributing Corp. v. Parts, Inc.*, 10 N.C. App. 737, 738-39, 179 S.E. 2d 793 (1971), quoting from the opinion in *Roberts v. Stewart* and *Newton v. Stewart*, 3 N.C. App. 120, 164 S.E. 2d 58 (1968), cert. denied 275 N.C. 137:

> " . . . The record on appeal must be docketed in the Court of Appeals within ninety days after the date of the judgment, order, decree or determination appealed from. Within this period of ninety days, *but not after the expiration thereof*, the trial tribunal may for good cause extend the time not exceeding sixty days for docketing the record on appeal. . . . " (Emphasis supplied.)

Here motion to extend time for docketing the appeal was made on 17 August 1972, and order entered allowing the motion on 18 August 1972, both after the expiration of the 90-day period. At this time, the trial tribunal was without authority to enter a valid order extending the time. *Distributing Corp. v. Parts, Inc., supra; Simmons v. Textile Workers Union*, 15 N.C. App. 220, 189 S.E. 2d 556 (1972), cert. denied 281 N.C. 759. Since there was a failure to comply with Rule 5 of the Rules of Practice in the Court of Appeals, the appeal is subject

to dismissal under Rule 17, Rules of Practice in the Court of Appeals.

Although we do not treat the appeal as an application for writ of certiorari, we have examined appellant's contentions and find that there was sufficient evidence upon which the case was submitted to the jury and that the charge of the court was free from prejudicial error.

Counsel who presented oral argument for appellant stated with commendable candor that he was aware of the instances on this appeal of noncompliance with our rules. In all fairness to the able counsel who presented the argument, we feel compelled to say that the failures to comply with procedure evident on this appeal are not compatible with counsel's usual meticulousness in complying with the rules.

Appeal dismissed.

Judges CAMPBELL and PARKER concur.