IN THE MATTER OF THE ESTATE OF ALVIN J. GODWIN, JR.,
(DECEASED)

No. 7319SC174

(Filed 14 February 1973)

Executors and Administrators § 23— denial of widow's year's allowance —
absence of notice of appeal to superior court — purported appeal to
district court — dismissal in superior court

The superior court properly dismissed an appeal from a magistrate's denial of a widow's application for a year's allowance on the ground that there had been no notice of appeal to the superior court, a purported appeal to the district court having previously been dismissed on the ground that the district court had no jurisdiction in the matter.

Judges CAMPBELL and MORRIS concur in the result.

APPEAL by petitioner, Mildred B. Godwin, from *McConnell, Judge,* 20 November 1972 Session of Superior Court held in ROWAN County.

The record before us consists of the following:

(1) An application for the assignment of a widow's year's allowance signed by Mildred B. Godwin, allegedly the widow of Alvin J. Godwin, Jr.;

(2) A judgment of a magistrate in Rowan County dated 12 April 1972 as follows:

"JUDGMENT IN ACTION TO RECOVER MONEY OR PERSONAL PROPERTY

This small claim action was tried this date before the undersigned upon the cause stated in the complaint. Due and timely notice of the nature of the action and the time and place of trial were given the defendant, as is shown in the record. THE COURT FINDS:

That the plaintiff has failed to prove his case by the greater weight of the evidence.

IT IS, THEREFORE, ADJUDGED That the plaintiff recover nothing of the defendant and that this action be and is hereby DISMISSED.

This 12 day of April, 1972.

s/ MARVIN V. (illegible)
Magistrate"

(3) An appeal entry signed by the magistrate as follows:

"Upon rendition of the judgment on the reverse side hereof, the Plaintiff gave oral notice in open court of appeal for trial de novo before a district judge."

(4) An order signed by District Judge Walker on 6 June 1972 in pertinent part as follows:

"[I]t appearing to the Court that this is an application for widow's year's allowance * * *

And, it further appearing to the Court that the District Courts do not have jurisdiction to hear and determine this type of action.

It is, therefore, ORDERED, ADJUDGED and DECREED that the appeal entered in this cause be and the same is hereby dismissed."

(5) An order of Superior Court Judge McConnell, dated 20 November 1972, dismissing the appeal because "there has been no notice of appeal . . . to the Superior Court. . . ."

From Judge McConnell's order of dismissal, petitioner appealed to this Court.

*Carlton & Rhodes by Graham M. Carlton and Gary C. Rhodes for petitioner appellant.*

*No counsel contra.*

HEDRICK, Judge.

G.S. 1-282 in pertinent part provides:

"The appellant shall cause to be prepared a concise statement of the case. . . . A copy of this statement shall be served on the respondent *within fifteen days from the entry of the appeal taken.* . . . [T]he trial judge may . . . enter an order or successive orders extending the time for service of the case on appeal. . . . *The initial order of extension must be entered prior to expiration of the statutory time for service of the case on appeal.* . . ." (Emphasis added.)

In *Roberts v. Stewart* and *Newton v. Stewart,* 3 N.C. App. 120, 164 S.E. 2d 58 (1968), cert. denied, 275 N.C. 137, this Court said: "In the absence of a case on appeal served within the time

fixed by the statute, or by valid enlargement, the appellate court will review only the record proper and determine whether errors of law are disclosed on the face thereof." There is nothing in the record to indicate that "the case on appeal" has been served as provided by G.S. 1-282. Therefore, our review is limited to determining whether error appears on the face of the record proper.

From the record before us we are unable to determine when or where the application for the widow's year's allowance was filed. The judgment of the magistrate and the appeal to the district court noted thereon bear no relation to the application. Assuming, however, that the judgment was a denial of the widow's application for the allotment of a year's allowance, her appeal therefrom would have been to the superior court as provided in G.S. 30-23.

No such appeal is shown in the record and the order dismissing the appeal is

Affirmed.

Judges CAMPBELL and MORRIS concur in the result.