Vincent v. Vincent

WILLIE L. VINCENT v. ARTHUR H. VINCENT

No. 7328DC393

(Filed 11 July 1973)

**Appeal and Error § 39— expiration of initial time for docketing — further extension of time for docketing**

 After the time for docketing the record on appeal in the Court of Appeals has expired, the trial tribunal is without authority to enter a valid order extending the time for docketing.

APPEAL by defendant from *Weaver, District Judge,* 11 December 1972 Session of District Court held in BUNCOMBE County.

 Civil action for alimony without divorce. The jury answered issues in favor of plaintiff, finding that she is the dependent spouse and defendant is the supporting spouse, that defendant has abandoned plaintiff, has wilfully failed to provide her with necessary subsistence according to his means, and has offered such indignities to her person as to render her condition intolerable and her life burdensome. The trial court heard evidence and made findings of fact with regard to plaintiff's needs and defendant's income and ability to pay alimony. From judgment awarding plaintiff alimony and directing defendant to pay a fee to plaintiff's attorneys for their services in this action, defendant gave notice of appeal.

*Morris, Golding, Blue & Phillips, by James N. Golding for plaintiff appellee.*

*Robert L. Harrell, Joseph C. Reynolds and Earl J. Fowler, Jr., for defendant appellant.*

PARKER, Judge.

The judgment appealed from was dated 15 December 1972. The record on appeal was not docketed in the Court of Appeals and no order extending the time for docketing was entered within 90 days after the date of the judgment. After the expiration of the 90-day period, and on 21 March 1973, the trial judge signed an order purporting to extend the time for docketing. After the time for docketing the record on appeal in the Court of Appeals has expired, the trial tribunal is without authority to enter a valid order extending the time for docketing, and this appeal is therefore subject to dismissal. *State v. Lee,* 15 N.C. App. 234, 189 S.E. 2d 505; *Simmons v. Textile Workers*

*Union,* 15 N.C. App. 220, 189 S.E. 2d 556; *Distributing Corp. v. Parts, Inc.,* 10 N.C. App. 737, 179 S.E. 2d 793; *Dixon v. Dixon,* 6 N.C. App. 623, 170 S.E. 2d 561; *Roberts v. Stewart* and *Newton v. Stewart,* 3 N.C. App. 120, 164 S.E. 2d 58.

Nevertheless, we have carefully reviewed the record and have considered such of the assignments of error as are properly set forth therein and in support of which any argument is stated or authority cited in appellant's brief. We find no prejudicial error sufficient to warrant granting a new trial. No abuse of discretion by the trial judge in fixing the amount of the alimony and counsel fees has been shown.

Appeal dismissed.

Judges CAMPBELL and MORRIS concur.