EUGENIA GLOVER BOWEN v. EDGAR GERALD BOWEN

No. 7315DC658

(Filed 14 November 1973)

1. **Divorce and Alimony § 16— alimony without divorce — evidence of adultery — no error**

   Trial court in an action for alimony without divorce did not err in allowing into evidence testimony of the plaintiff which implied adultery of defendant where comments of the trial judge clearly showed that he was aware of the prohibition contained in G.S. 50-10 against such evidence and in hearing the case took care not to draw the forbidden inference of adultery from any statement made by plaintiff.

2. **Divorce and Alimony § 16— alimony without divorce — abandonment — sufficiency of evidence**

   Evidence in an action for alimony without divorce supported the trial court's determination that defendant abandoned plaintiff where it tended to show that defendant left plaintiff intending never to return, that he attended one marriage counseling session with her but he did not resume living with her after the counseling session, and that defendant never has returned to plaintiff, though he has provided her with financial support during the period of separation.

3. **Divorce and Alimony § 18— amount of alimony award — discretionary order**

   The amount to be awarded for alimony and child support is within the discretion of the trial court and will not be disturbed in the absence of a manifest abuse of such discretion.

APPEAL by defendant from *Horton, Judge,* 27 April 1973 Session of District Court held in ORANGE County.

This is an action brought by plaintiff-wife against defendant-husband for alimony without divorce and child custody

Bowen v. Bowen

and support. It was heard by the court upon motion of the plaintiff for alimony pendente lite, counsel fees, and custody and support for the eight-year-old son. Both plaintiff and defendant testified at the hearing.

Plaintiff testified that in 1971 defendant left her, contrary to her desires and without any provocation on her part, simply because he no longer wanted to be married. Several months after the parties separated, they went to a marriage counselor together, at plaintiff's request, but the counseling was unsuccessful. Plaintiff stated that she is financially dependent on her husband. Her monthly expenses amount to approximately $490.00. In the year 1972 she earned a total of $500.00, from substitute teaching and baby-sitting. She has a teacher's certificate, and she has applied for teaching positions in public and private schools in the Chapel Hill area, but she has been unable to get a job. She is now working full time as a real estate agent, but she is just starting in this type of work and has not yet earned any commissions.

During the direct examination of plaintiff, the following proceedings took place:

Q. Mrs. Bowen, in your attempts to have some sort of counselling help, did you find that there was some stumbling block to or condition to your getting back together that you weren't able to overcome?

A. Yes, I did.

Q. And what was that?

A. That he was going with another—

MR. WINSTON [counsel for defendant]: Objection. Motion to strike.

JUDGE HORTON: Overruled.

MR. WINSTON: May I be heard, your Honor?

JUDGE HORTON: Yes sir. You cannot get into anything dealing with adultery.

MR. WINSTON: Yes sir. And that's—

JUDGE HORTON: It hasn't gotten to that point; but when it gets to that, it will be stopped.

Mr. Winston: All right, sir.

Judge Horton: That would not be — any objections to that type question would be sustained.

Plaintiff: My husband was doing something which amounted to a condition that prevented our getting back together. He agreed to go with me to get counselling on the condition that he would stop seeing this woman. I felt like I could not — I knew it would be hard enough after so much time had passed and so many things had happened to bring the marriage back together, and I knew I could not do it with a third person standing between us.

Defendant testified about his financial condition, stating that his net monthly income was $857.00 after taxes, insurance payments and other deductions. He did not dispute plaintiff's account of their separation and unsuccessful attempt at reconciliation.

In his findings of fact and conclusions of law Judge Horton held that plaintiff was a dependent spouse, that defendant was a supporting spouse, and that defendant had abandoned plaintiff. He issued an order awarding plaintiff custody of the child and requiring defendant to pay $483.25 per month, $187.25 for child support and $296.00 for alimony pendente lite. Defendant was also ordered to pay $400.00 in counsel fees for plaintiff's attorney. He appealed to this Court.

*No brief filed by plaintiff appellee.*

*Winston, Coleman and Bernholz, by Barry T. H. Winston, for defendant appellant.*

BALEY, Judge.

Defendant makes three assignments of error which he contends would justify reversal of the order of the trial court: (1) admission of testimony of the plaintiff which implied adultery of defendant; (2) insufficient evidence of abandonment of the plaintiff by defendant; and (3) abuse of discretion in awarding excessive alimony and support. We do not consider any of these assignments of error to have merit.

[1] G.S. 50-10 provides that in divorce cases "neither the husband nor wife shall be a competent witness to prove the adultery of the other." This statute applies to actions for alimony without

divorce. *Hicks v. Hicks*, 275 N.C. 370, 167 S.E. 2d 761. It is clear from the comments of Judge Horton that he was fully aware of the prohibition contained in G.S. 50-10 and in hearing the case took care not to draw the forbidden inference of adultery from any statement made by plaintiff. He specifically instructed plaintiff's attorney not to ask any question dealing with adultery. In a nonjury case it is presumed that the judge in reaching his decision would not draw inferences from testimony otherwise competent which would render such testimony incompetent. *See Cogdill v. Highway Comm.* and *Westfeldt v. Highway Comm.*, 279 N.C. 313, 182 S.E. 2d 373; *General Metals v. Manufacturing Co.*, 259 N.C. 709, 131 S.E. 2d 360.

[2] Abandonment is listed in G.S. 50-16.2 as one of the grounds justifying an award of alimony without divorce, and it has been defined as follows: "One spouse abandons the other, within the meaning of this statute, where he or she brings their cohabitation to an end without justification, without the consent of the other spouse and without intention of renewing it." *Panhorst v. Panhorst*, 277 N.C. 664, 670-71, 178 S.E. 2d 387, 392. In this case the evidence clearly supports Judge Horton's determination that defendant abandoned plaintiff. Defendant left plaintiff intending never to return, and he never has returned. He attended one marriage counseling session with her, but he did not resume living with her after the counseling session. He has provided plaintiff with financial support during the period of separation, but this alone is not sufficient to avoid a finding of abandonment. *Schloss v. Schloss*, 273 N.C. 266, 160 S.E. 2d 5; *Richardson v. Richardson*, 268 N.C. 538, 151 S.E. 2d 12; *Pruett v. Pruett*, 247 N.C. 13, 100 S.E. 2d 296.

[3] The amount to be awarded for alimony and child support is within the discretion of the trial court and will not be disturbed in the absence of a manifest abuse of such discretion. *Schloss v. Schloss, supra; Austin v. Austin*, 12 N.C. App. 390, 183 S.E. 2d 428; *Peeler v. Peeler*, 7 N.C. App. 456, 172 S.E. 2d 915; *Dixon v. Dixon*, 6 N.C. App. 623, 170 S.E. 2d 561. The record indicates that since their separation the defendant has been making payments voluntarily to the plaintiff for her support and that of their child in the amount of $430.00 per month. This was increased to $483.25 by the court pending a final determination of the litigation. Under the factual circumstances here appearing, we do not find any abuse of discretion. If there is any significant change in the condition of the parties before

trial, defendant is free to move for a reduction in alimony payments. G.S. 50-16.9; *see Fonvielle v. Fonvielle,* 8 N.C. App. 337, 174 S.E. 2d 67.

The judgment of the trial court is affirmed.

Affirmed.

Judges PARKER and HEDRICK concur.