TERRELL C. BROWN AND SHARON BROWN v. PAUL SMITH AND ELLA SMITH

No. 7423DC534

(Filed 2 October 1974)

**Appeal and Error § 39— extension of time to docket record — order entered after expiration of 90 days**

The trial judge had no authority to extend the time for docketing the record on appeal by an order entered after the expiration of the 90 days allowed by Court of Appeals Rule 5.

APPEAL by defendants from *Osborne, Judge,* 21 January 1974 Session of WILKES County District Court. Heard in the Court of Appeals 5 September 1974.

This is an action seeking specific performance of a contract for the sale of land. Defendants answered that the contract of sale and the agency contract were induced by fraud and deceit. The jury found that the defendants had voluntarily and knowingly executed the contracts in question. Judgment was entered requiring the defendants to execute a warranty deed to plaintiffs in accordance with the contracts.

*Joe O. Brewer, for the plaintiffs.*

*Franklin Smith, for the defendants.*

. BROCK, Chief Judge.

Judgment of the trial court in this case was signed and filed on 24 January 1974. Under Rule 5 the record on appeal must be docketed within 90 days after the date of the judgment appealed from, unless the trial tribunal extends the time, not exceeding an additional 60 days, to docket the record on appeal.

The 90 days provided by Rule 5 expired on 24 April 1974. The record on appeal was not docketed until 8 May 1974.

On 2 May 1974 appellant secured an order from the trial judge purporting to grant appellant an additional 15 days to docket the record on appeal. The trial judge had no authority to extend the time for docketing by an order entered after the expiration of the 90 days allowed by Rule 5. *Simmons v. Textile Workers Union*, 15 N.C. App. 220, 189 S.E. 2d 556; *Beck Distributing Corp. v. Imported Parts, Inc.*, 10 N.C. App. 737, 179 S.E. 2d 793. At the time the 2 May 1974 order was entered, the appeal was already subject to dismissal for failure to docket on time. The 2 May 1974 order is a nullity.

Appeal dismissed.

Judges MORRIS and MARTIN concur.