ASSOCIATES FINANCIAL SERVICES CORPORATION v. EARL WELBORN, t/a HILLSIDE POULTRY FARM

No. 7423DC847

(Filed 19 February 1975)

Appeal and Error § 39— expiration of time for docketing record — subsequent extension by trial court

After the time for docketing the record on appeal in the Court of Appeals has expired, the trial tribunal is without authority to enter a valid order extending the time for docketing.

APPEAL by defendant from *Davis, Judge.* Judgment entered 22 May 1974 in District Court, WILKES County. Heard in the Court of Appeals 19 November 1974.

This civil action was commenced 14 May 1965 to recover a deficiency judgment for the balance due on the purchase price of personal property sold under a conditional sales agreement. In 1967 this case was before the North Carolina Supreme Court upon the question presented by a demurrer to the complaint, *Financial Services Corp. v. Welborn,* 269 N.C. 563, 153 S.E. 2d 7 (1967), and on that appeal the Supreme Court reversed the ruling of the trial court which had sustained the demurrer. The present appeal is from a summary judgment entered in favor of the plaintiff.

*Fairley, Hamrick, Montieth & Cobb by Laurence A. Cobb for plaintiff appellee.*

*McElwee, Hall & McElwee by John E. Hall for defendant appellant.*

PARKER, Judge.

The judgment appealed from was dated and entered on 22 May 1974. The record on appeal was not docketed in the Court of Appeals and no order extending the time for docketing was entered within 90 days after the date of the judgment. After the expiration of the 90-day period, the trial judge signed an order dated 29 August 1974 purporting to extend the time for docketing.

After the time for docketing the record on appeal in the Court of Appeals has expired, the trial tribunal is without authority to enter a valid order extending the time for docketing. *Lambert v. Patterson,* 17 N.C. App. 148, 193 S.E. 2d 380 (1972) ; *Simmons v. Textile Workers Union,* 15 N.C. App. 220, 189 S.E. 2d 556 (1972), *cert. denied,* 281 N.C. 759, 191 S.E. 2d 356 (1972). Since there was a failure to comply with Rule 5 of the Rules of Practice in the Court of Appeals, this appeal is subject to dismissal.

Appeal dismissed.

Chief Judge BROCK and Judge BRITT concur.