State v. Clark

STATE OF NORTH CAROLINA v. ROY V. CLARK, JR.

No. 7527SC20

(Filed 7 May 1975)

**Criminal Law § 155.5— docketing of record — expiration of 90 days — extension of time**

Appeal is subject to dismissal where the record on appeal was not docketed within 90 days after the date of the judgment appealed from and an order extending the time for docketing was entered after the 90-day period had expired. Court of Appeals Rule 5.

APPEAL by defendant from *Grist, Judge.* Judgment entered 11 September 1974 in Superior Court, LINCOLN County. Heard in the Court of Appeals 18 March 1975.

Defendant was charged in a bill of indictment with the larceny of an automobile belonging to Nadine Ellis Brown and having a value of $600.00. He pleaded not guilty. The jury found defendant guilty as charged, and from judgment entered on the verdict, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Jerry J. Rutledge, for the State.*

*M. Clark Parker, for defendant appellant.*

MARTIN, Judge.

We note that the judgment appealed from was entered 11 September 1974. More than ninety days thereafter, the trial court granted defendant's motion for an extension of the time to docket the record on appeal in this Court. This was too late. See *State v. Lee,* 15 N.C. App. 234, 189 S.E. 2d 505 (1972). "Within ninety days after the date of a judgment appealed from, but not thereafter, the trial tribunal may for good cause shown extend the time for docketing the record on appeal not exceeding sixty days. Rule 5." *State v. Lassiter,* 18 N.C. App. 208, 196 S.E. 2d 592 (1973).

For failure to comply with the Rules of Practice in the Court of Appeals, this appeal is subject to dismissal. Nevertheless, we have carefully considered defendant's assignments of error and conclude that defendant's trial was free of prejudicial error.

Appeal dismissed.

Judges BRITT and HEDRICK concur.